896 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herman Taloy DAY, Plaintiff-Appellant,
v.
William PITTS, Correctional Officer; Howard N. Lyles,
Former Warden, Maryland State Penitentiary;
Arnold J. Hopkins, Commissioner,
Maryland Division of
Correction,
Defendants-
Appellees.
 No. 89-6642.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 18, 1989.
Decided: Feb. 6, 1990.
 
 Herman Taloy Day, appellant pro se.
 John Joseph Curran, Jr., Attorney General, Glenn William Bell, Office of the Attorney General of Maryland, for appellees.
 Before K.K. HALL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Herman Taloy Day filed a pro se 42 U.S.C. Sec. 1983 complaint alleging the denial of his right of access to the courts and confiscation of his typewriter in retaliation for exercising his right of access to the courts. Day named Howard Lyles, former Warden of the Maryland Penitentiary, Arnold Hopkins, Commissioner of the Maryland Division of Corrections, and William Pitts, Correctional Officer, as defendants.
 
 
 2
 Lyles and Hopkins moved for summary judgment. The court issued the appropriate notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), but apparently Day did not respond.[1] Nevertheless, the court denied the motion.
 
 
 3
 Approximately four months later, Lyles and Hopkins again moved for summary judgment. This time, the motion was supported by defendant Pitts's affidavit denying making a threat and claiming that although Pitts ordered the removal of Day's typewriter, removal was pursuant to an established prison policy. Pitts filed an answer two days after the second summary judgment motion was filed; he did not join Lyles and Hopkins in their summary judgment motion.
 
 
 4
 Without providing notice to Day after the second summary judgment motion, the court reviewed Day's complaint and granted the motion for summary judgment served by defendants Lyle and Hopkins. In its memorandum accompanying the order granting summary judgment, the court noted that Lyles and Hopkins had previously filed for summary judgment, and stated that "[d]efendants have now filed a second motion for summary judgment along with ... an affidavit of defendant Pitts." The court's order, however, merely states that "defendants' motion for summary judgment be, and the same hereby is, granted." Because Pitts never moved for summary judgment and the order does not disclose that Pitts was summarily dismissed or granted summary judgment sua sponte,[2] Pitts remains as a defendant in the district court. As such, this is an interlocutory appeal, and this Court does not have jurisdiction to consider it. United States v. Peerless Ins. Co., 374 F.2d 942 (4th Cir.1967); see Fed.R.Civ.P. 54(b).
 
 
 5
 Accordingly, we dismiss this appeal as interlocutory. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 DISMISSED.
 
 
 
 [1]
 Although Day includes in his informal brief a copy of a response to this first motion for summary judgment--a motion in opposition with a supporting affidavit--the docket reveals that this response was never filed in the district court
 
 
 [2]
 Had the district court intended to consider granting summary judgment in Pitts' favor sua sponte, Day should have been given notice of the court's intent, and a reasonable opportunity to respond. United States Development Co. v. Peoples Federal Saving & Loan Assoc., 873 F.2d 731 (4th Cir.1989)