931 F.2d 887
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PIERCE SALES CO. INC., a Delaware Corporation, Plaintiff-Appellee,
v.
Hugh S. HUNT, a/k/a H.R. Lee, a/k/a Hugh R. Lee, Defendant-Appellant.
 No. 88-3191.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1990.
Decided May 3, 1991.
As Amended June 3, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, Senior District Judge. (CA-85-1602-AH)
 Hugh S. Hunt, appellant pro se.
 Robert L. Pillote, Jr., Bethesda, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Hugh S. Hunt appeals from the district court's order granting two motions for partial summary judgment to the plaintiff, Pierce Sales Co., in its breach of contract action. In its first grant of partial summary judgment to Pierce, the district court decided that Edhul Company, the buyer of commercial kitchen equipment, was liable for breach of a sales contract and that Hunt, who had guaranteed the buyer's performance, was liable for the damages suffered. In the second grant of partial summary judgment, the district court determined the amount of the damages due from Hunt to Pierce. With respect to the question of liability, we affirm the district court's decision although on different reasoning. We also affirm the amount of the damage award.
 
 
 2
 Edhul, a would-be developer of a water theme park, contracted with Pierce to purchase kitchen equipment for the park. The contract specified that invoices were to be paid C.O.D. and that if construction were delayed, Edhul was to pay for the equipment upon delivery to Pierce's warehouse.
 
 
 3
 After the equipment was delivered to the warehouse, Edhul notified Pierce that it was unable to pay for the delivered goods. Two additional agreements were executed under which a lien on the equipment was released, Hunt paid $40,000, and Edhul promised to pay 14% interest on the unpaid balance due. Also Hunt guaranteed Edhul's performance.
 
 
 4
 The facts support a finding of liability of Edhul to Pierce. Under U.C.C. Sec. 2-301, a seller of goods is to transfer and deliver the goods and a buyer is to accept and pay for them. U.C.C. Sec. 2-511(1) states that unless otherwise agreed, tender of payment is a condition to the seller's duty to tender and complete any delivery. Finally, U.C.C. Sec. 2-512(1) and Sec. 2-513(3) make clear that in a C.O.D. contract payment of the purchase price must precede inspection, the alleged lack of which formed the basis for Hunt's appeal. Thus Edhul's failure to pay the price upon tender of delivery of the goods under this C.O.D. contract was dispositive of the question of liability.
 
 
 5
 Similarly, the fact of Hunt's execution of the guaranty agreement promising to pay Edhul's obligation under the contract supported a finding of liability of Hunt as guarantor to Pierce. Hunt never protested that he was not the guarantor for Edhul, nor could he do so. The contract between Hunt and Pierce created a guarantor/creditor relationship and Hunt's liability to Pierce is clear.
 
 
 6
 The district court also correctly determined that the amount of the damages due from Edhul to Pierce could be assessed against Hunt in this action on the guaranty. An earlier judgment against the principal debtor, here a bankruptcy action in North Carolina, is prima facie evidence of the amount due and a guarantor must rebut the evidence of the amount of damages if he can. 38 C.J.S. Guaranty Sec. 90 (1943); 38 Am.Jur.2d Guaranty Sec. 77 (1968). Hunt submitted no evidence to decrease the amount of damages.[1]
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The district court failed to give the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), prior to either grant of partial summary judgment, but the error was harmless