977 F.2d 572
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Johnathan Lee X, Plaintiff-Appellant,
v.
David A. WILLIAMS; Randall B. Kahelski; D. L. Anderson;
Joe Edmonds; D. F. Ingram; N. Branch, Jr.; Jane
Doe; Edward C. Morris, Defendants-Appellees.
 No. 91-6334.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 29, 1992
Decided: October 22, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.
 Johnathan Lee X, Appellant Pro Se.
 Robert Harkness Herring, Jr., Assistant Attorney General, Alan Katz, Office of the Attorney General of Virginia, Richmond, Virginia, for Appellees.
 E.D.Va.
 VACATED AND REMANDED.
 Before PHILLIPS and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 X, a Virginia prisoner, appeals the district court's grant of summary judgment to the Defendants in his 42 U.S.C.s 1983 (1988) action. X claimed that he was deprived of numerous rights as a result of a disciplinary hearing. After he was charged with using vulgar or insolent language toward an employee, X requested eight witnesses, a number of whom had no knowledge of the particular incident but whose testimony X claimed he required to develop his defense of retaliatory discipline. X was convicted and sentenced to seven days in isolation. He did not appeal this conviction.
 
 
 2
 In his complaint, X alleged that his rights were violated by the sentence of seven days isolation, the denial of privileges available to other inmates during these seven days, his loss of good time credits, the adverse impact on his custody assignment and parole decision, and denial of his rights to due process when the Defendants refused to allow him to compel witnesses.
 
 
 3
 The Defendants filed a motion for summary judgment. While investigating X's complaints, the warden had found that the tape of X's disciplinary hearing had been erased and the statements of two of X's witnesses explaining why they did not testify were missing. Although the warden stated that he had witnessed X's disciplinary violation, the warden averred that he had initiated the process of expunging all information related to this charge to avoid the appearance of error. In addition, he averred that X's ability to earn good time credits and qualify for higher custody status and parole were unaffected by this disciplinary infraction. Supporting documents were included with respect to the good time credit and custody status issues, but no documentary evidence of expungement was submitted. The warden also recited that conditions in isolation are more restrictive than those imposed upon inmates in the general population. Without giving X the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the district court granted the motion, and X appealed.
 
 
 4
 The failure of the district court to advise X of his right to respond to the Defendants' Motion for Summary Judgment was error. Had he had notice, X may have averred that expungement of the infraction had not occurred or rebutted the warden's claim that his custody classification, parole, and good time credits were unaffected. In addition, the question remains whether X is entitled to damages for the seven days he spent in isolation.
 
 
 5
 Accordingly, we vacate the district court's order and remand the case to allow the district court to give Roseboro notice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED