996 F.2d 1213
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
George Arthur WASHINGTON, Defendant-Appellant.
 No. 92-7191.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 22, 1993.
Decided: June 22, 1993.
 
 Appeal from the United States District Court for the District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-89-123-C, CA-91-421-C-P)
 George Arthur Washington, Appellant Pro Se.
 Robert James Conrad, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 D.N.C.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 George Arthur Washington appeals from the district court's order adopting the magistrate judge's report and recommendation that Washington's 28 U.S.C. § 2255 (1988) motion be dismissed. Because we find that the magistrate judge erred by not giving Roseboro[1] notice to Washington, we vacate the order below and remand.
 
 
 2
 In January 1989 Washington pled guilty to use of a firearm in the commission of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (1988 & Supp. II, 1990). Washington brought this § 2255 motion on the grounds that: (1) he had not been advised of the supervised release term and its effect; (2) he had not been advised of his right to appeal; (3) he had entered the plea involuntarily and unknowingly; and (4) he was denied the effective assistance of counsel. The Government answered and moved for dismissal of the motion. Included in the Government's motion was an affidavit by defense counsel. The matter was referred to a magistrate judge, who failed to give Roseboro notice. Further, the magistrate judge refused to consider a responsive pleading submitted by Washington filed by the time the magistrate judge's recommendation was ready to file with the court. The magistrate judge recommended that the entire motion be dismissed.[2] Because Washington filed objections to the recommendation, the district court conducted a de novo review of the record and adopted the magistrate judge's recommendation dismissing the motion. Washington timely noted an appeal.
 
 
 3
 We have previously held that a magistrate judge must comply with the requirements of Roseboro. This continues to be a valid requirement. A pro se party must be given notice that his claims may be adjudicated against him in summary form if he fails to adequately support his pleadings. See Roseboro, 528 F.2d at 310. The magistrate judge below failed to give Washington such notice; this was error. Because Washington did not receive Roseboro notice, and because the magistrate judge did not consider his responsive pleadings, dismissal of this claim was inappropriate. Therefore, the order is vacated, and the cause is remanded. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975)
 
 
 [2]
 Because the magistrate judge used affidavits outside the pleadings, the proper recommendation was one of summary judgment. Fed. R. Civ. P. 12. Therefore, his recommendation has been reviewed under the standard for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)