Robert Louis ROSEBORO, Appellant,

v.

Sam P. GARRISON, individually and in his official capacity as Warden of Central Prison, Appellee.

No. 75–1082.

United States Court of Appeals, Fourth Circuit.

Argued June 10, 1975.

Decided Oct. 15, 1975.

Jacob L. Safron, Asst. Atty. Gen., N. C. and (Rufus L. Edmisten, Atty. Gen., N. C., on brief) for appellee.

Roy T. Stuckey, Columbia, S. C. [Court-assigned counsel], for appellant.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

PER CURIAM:

Robert Louis Roseboro, an inmate of the Central Prison in Raleigh, North Carolina, instituted this action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief as well as damages for alleged violations of his constitutional rights. The district court granted the defendant's motion for summary judgment and upon this appeal Roseboro contends that summary disposition of his case was improper.

Three of the allegations of Roseboro's *pro se* complaint were directed at his custody classification and consequent transfer from Polk Youth Center to Central Prison, and the remaining allegations challenge his segregation from the general prison population, the conduct of the prison guards and the failure to furnish him certain medical treatment. In support of his summary motion the defendant submitted his own affidavit, together with the affidavits of other members of the prison staff bearing upon the allegations of the complaint. Finding that the affidavits were in compliance with Rule 56(e) of the Federal Rules of Civil Procedure, and noting that the plaintiff had failed to file any counter-affidavit controverting those submitted by the defendant, the district court concluded that summary judgment was appropriate.

In *Wooten v. Shook*, 527 F.2d 976 (4 Cir. 1975), we stated that "[w]hile we do not hold that an evidentiary hearing is required in every case such as this, the district court should ordinarily require that a dismissal or summary motion be supported by affidavit or other material sufficiently demonstrating that there is no factual issue and that dismissal is appropriate as a matter of law." In the present case, of course, the defendant has met this requirement and if this were an ordinary civil action the failure of Roseboro to file any counter-affidavit would warrant the entry of summary judgment. We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him. In our opinion the appropriate rule was set forth in *Hudson v. Hardy*, 134 U.S.App. D.C. 44, 412 F.2d 1091, 1094 (1968), where the court stated:

> "We hold that before entering summary judgment against appellant, the District Court, as a bare minimum, should have provided him with fair notice of the requirements of the summary judgment rule. We stress the need for a form of notice sufficiently understandable to one in appellant's circumstances fairly to apprise him of what is required."

Assuredly, a *pro se* plaintiff is entitled to such a reasonable safeguard when confronted with the possibility of summary disposition of his case.

Since Roseboro was not represented by counsel in this case and there is nothing in the record to indicate that he was notified of his right or responsibility with respect to the defendant's motion, the judgment of the district court must be reversed and the case remanded for further proceedings consistent with this opinion.

*Reversed* and *remanded.*