833 F.2d 1004
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Earles M. CRADDOCK, Plaintiff-Appellant,
v.
Mark RHODES, Glen Cunningham, Defendant-Appellee.
 No. 87-7513.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 11, 1987.
Decided: Nov. 13, 1987.
 
 Earles M. Craddock, appellant pro se.
 Robert K. Tebay, III, Lantz, Rudolph & Palmer, for appellees.
 Before WIDENER, K.K. HALL, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Earles Craddock, an inmate at the Wood County, West Virginia Correctional Center, appeals the district court's judgment entered in favor of the defendants in this 42 U.S.C. Sec. 1983 action. In his complaint, Craddock asserted that he was denied an impartial disciplinary hearing and his due process rights were violated because the same prison official acted as disciplinary officer, hearing officer, and witness at the proceedings. Craddock also alleged that he was subjected to arbitrary punishment by prison officials. Craddock contends that Officer Rhodes investigated the incident and decided to charge Craddock, served as a witness at the hearing, and found Craddock guilty of the charge. The defendants filed an answer which contradicts Craddock's sworn complaint, and submitted additional exhibits with their answer. Craddock filed a rebuttal to the answer.
 
 
 2
 The case was referred to a magistrate, who reasoned that the hearing had complied with the due process requirements of Wolff v. McDonnell, 418 U.S. 539 (1974), and that Craddock had otherwise failed to state a claim for relief. Craddock noted his objections and filed additional papers. Upon review, the district court entered judgment in favor of the defendants.
 
 
 3
 Because the magistrate relied on exhibits submitted by defendants with their answer, the dismissal of the case was, in effect, the entry of summary judgment for defendants. See FRCP 12(b)(6).
 
 
 4
 The defendants' answer was not on oath and was unaccompanied by affidavits as it ordinarily should have been if summary disposition of the case were sought. Neither did the magistrate give notice to the plaintiff that summary disposition was contemplated in order for the plaintiff to respond. See Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975). Under this set of circumstances, we would ordinarily vacate the judgment of the district court and remand the case for further proceedings. But, here, the plaintiff has filed sufficient papers in connection with the case for us to dispose of the same.
 
 
 5
 The gist of the complaint is that Craddock was disciplined for possessing unauthorized drugs in his cell on September 24, 1986. As a part of the factual statement, Craddock states that he had been reported on September 2, 1986 and September 10, 1986 for other infractions but no discipline was imposed on account of them. Thus, as to the September 2nd and September 10th infractions, Craddock is bound to have received all the process he was due for he was found, in effect, not guilty.
 
 
 6
 The record of the proceeding for the September 24th drug related infraction (a pill of some kind or another was found in Craddock's cell) shows that the pill was found by Officer Freed, who reported the incident, and a charge was made by Officer Rhodes. The hearing officer who found Craddock guilty was Officer Cunningham, who had not been connected with the affair before the hearing and who signed the findings as "Hearing Officer, Alternate or Disciplinary Committee Chairman, WCCC." The jail regulations filed by Craddock, considering for the moment as true Craddock's contention that Rhodes was a witness to the rule violation, show in paragraph D.1.i. that the hearing officer shall not hear any case in which he has either witnessed or investigated the violation, but that if such is the case the alternate hearing officer shall hear the matter. Since Rhodes was a witness in the case and Cunningham signed the findings after the hearing as alternate hearing officer, the record of the proceeding shows no irregularity and no reasonable contention that Rhodes was both the hearing officer and the investigating officer and a witness. No reason has been given that we should go behind the presumption of regularity which attaches to official records, and this is especially true in this case where both the record of the hearing and the jail regulations have been filed by Craddock. Subsequent to the final order of the district court denying relief and as a part of his notice of appeal, Craddock has contended that Rhodes signed Cunningham's name to the report as hearing officer. This is a matter not before the district court, and we do not consider the same.
 
 
 7
 While we emphasize that we do not encourage the disposition of cases as on summary judgment unsupported by affidavit, in this particular case no irregularity has been shown, and the plaintiff received adequate notice of the offense with which he was charged and a formal hearing on the same.
 
 
 8
 The judgment of the district court is accordingly
 
 
 9
 AFFIRMED.