968 F.2d 1212
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Mary W. NEESE, Defendant-Appellant.
 No. 91-1803.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 5, 1992
Decided: July 9, 1992
As Amended July 21, 1992.
 
 Mary W. Neese, Appellant Pro Se.
 Carol A. Casto, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 Before WIDENER, SPROUSE, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Mary Neese owned a house near Summersville Lake, a lake owned by the Army Corps of Engineers (Corps). The Corps owned the property on the shore of the lake; Neese's property was adjacent to the Corps' shorefront property. During a boundary inspection of the Corps property, a Corps employee discovered that a section of trees on the property had been cleared without its authorization. The cleared path was thirty-five feet wide and 100 feet long; it afforded a view of the lake from Neese's property. Neese admitted that a man employed by her cleared the trees, but contended that it was an accident, relieving her of liability. The Corps brought this action seeking damages from Neese to pay for reforestation of the cleared area.
 
 
 2
 After Neese answered the complaint and answered interrogatories, the United States moved for summary judgment. The motion was supported by affidavits and written estimates from several nurseries about the cost of revegetating the cleared area.[1] The amount of damages sought by the United States, $3093.20, was calculated by taking the average amount of the nursery estimates and, under the applicable West Virginia trespass statute, multiplying the replacement cost by three.
 
 
 3
 The court filed an opinion granting the motion for summary judgment without calling for a response from Neese. Neese noted an appeal. The court then entered a final order setting the amount of damages at $3093.20, the amount sought by the United States in its motion for summary judgment.[2] The issue before this Court on appeal is whether the district court correctly granted summary judgment in favor of the United States. This Court has held that a pro se litigant must be given notice and an opportunity to respond to a motion for summary judgment before judgment may be entered against her. Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The district court did not notify Neese of her opportunity to respond to the motion for summary judgment in this case, nor did she file any response to that motion of her own accord. Because the district court failed to give Roseboro notice before granting summary judgment in favor of the United States, we vacate the order of the district court and remand the action for further proceedings.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 The estimates ranged from $450 to $1350
 
 
 [2]
 We note that although Neese's notice of appeal was filed before the district court entered final judgment in this action, Neese's informal brief, filed in this Court, met all of the formal requirements of a notice of appeal and was filed within the applicable appeal period. Therefore, although Neese's notice of appeal may have been premature, her informal brief, when construed as a notice of appeal, is sufficient to confer jurisdiction on this Court. Smith v. Barry, 60 U.S.L.W. 4065 (U.S. 1992)