977 F.2d 575
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Benjamin F. WASHINGTON, a/k/a Big Frank, Defendant-Appellant.
 No. 91-6650.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 21, 1992
Decided: October 20, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.
 Benjamin F. Washington, Appellant Pro Se.
 David Bernard Smith, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 DISMISSED.
 Before RUSSELL, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Benjamin F. Washington seeks to appeal from the district court's order refusing relief under 28 U.S.C. § 2255 (1988). Our review of the record and the district court's opinion accepting the recommendation of the magistrate judge discloses that this appeal is without merit. Accordingly, we deny in forma pauperis status and dismiss the appeal on the reasoning of the district court. United States v. Washington, Nos. CR-88-152-G, CA-90-229-2 (M.D.N.C. Sept. 9, 1991). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.*
 
 DISMISSED
 
 
 *
 The magistrate judge's Report and Recommendation indicates that an affidavit of Washington's trial counsel was considered in dismissing this motion. Consideration of material outside the record transforms the proceeding into one for summary judgment. Fed. R. Civ. P. 12(b). Accordingly, Washington should have been given notice pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), of the nature of summary judgment and how to respond to it. Nevertheless, because our review of the record reveals that the district court could properly have dismissed the case without consideration of the affidavit, we conclude that the failure to give notice was harmless error. Fed. R. Civ. P. 61