David W. SHANTON, Sr., Plaintiff,

v.

Jerry L. DETRICK, Administrator, Eastern Regional Jail; Lieutenant Rudloff, Guard; and Sergeant Ward, Defendants.

Civ. A. No. 92–0007–E.

United States District Court,
N.D. West Virginia,
Elkins Division.

July 12, 1993.

David W. Shanton, Sr., pro se.

Chad M. Cardinal, Atty. Gen. of W.Va., for defendants.

### *ORDER*

MAXWELL, Chief Judge.

Plaintiff, a federal prisoner proceeding *pro se*, initiated the above-styled civil rights action pursuant to 42 U.S.C. § 1983 for matters of and related to an alleged beating by correctional officers he suffered while a prisoner at the state facility Eastern Regional Jail in Martinsburg, West Virginia. Plaintiff alleges he was physically injured by the excessive force used upon him by Defendant Ward and he also alleges he received inadequate medical attention for injuries due to the supervisory actions of Defendants Detrick and Rudloff. Pursuant to an Order filed by this Court on May 18, 1992, this action now only concerns the Defendants' liability for monetary damages in their individual capacities.

On March 24, 1993, Defendants, by counsel, Chad M. Cardinal, Assistant Attorney General for the State of West Virginia, filed a Motion for Summary Judgment pursuant to Rule 56, Fed.R.Civ.P. Pursuant to having been given *Roseboro* [1] notice by the Court, on May 10, 1993, Plaintiff filed his Response and Answer to Defendant's Motion for Summary Judgment. Plaintiff also filed Motion or Request for Complaint or Charges, which the Court construes as seeking leave to amend pursuant to subsection (a) of Rule 15, Fed. R.Civ.P., and a Motion or Request for Medical Examination.

This civil action has been pending for over one year, and trial had been scheduled for

---

1. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (*pro se* litigant must be given meaningful notice of opportunity to respond to a Motion for Summary Judgment).

August 3, 1992. By Order entered July 29, 1992, the trial was continued generally for reasons apparent to the Court. The Court on April 6, 1992 entered a Scheduling Order directing that amendments to the pleadings be made no later than April 15, 1992. The deadlines for discovery and for filing dispositive motions have long expired. Plaintiff's proposed amendments are untimely. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Leave to Amend be, and the same is hereby, **DENIED.**

Upon examination of the Plaintiff's Motion or Request for Medical Examination, the Court advises Plaintiff that it is not a role of this Court to Order a medical examination for a litigant in an action such as this. Accordingly, it is

**ORDERED** that Plaintiff's Motion or Request for a Medical Examination be, and the same is hereby, **DENIED.**

Motions for summary judgment under Rule 56, Fed.R.Civ.P., impose a difficult standard on the movant, for it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. FDIC,* 906 F.2d 972, 974 (4th Cir.1990). Rule 56(c) provides that summary judgment shall be entered whenever "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." The "mere existence of a scintilla of evidence[,]" favoring the nonmoving party, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

To withstand Defendants' Motion, Plaintiff must offer evidence from which "a fair-minded jury could return a verdict for [Plaintiff,]" after examining the record as a whole. *Id.* Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the action under applicable law, as well as genuine, meaning that they create fair doubt rather than encourage mere speculation. *Id.* at 248, 106 S.Ct. at 2510; *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985). The Court will review Defendants' Motion for Summary Judgment in view of Plaintiff's Response.

### Excessive force claim concerning Defendant Ward

Defendants assert, and affidavits and other documents support, that upon hearing loud noises coming from a specific area of the facility on February 1, 1991, correctional officers went to investigate and found Plaintiff, in what is known as the day room, shouting, swinging his arms and running around. Defendant Ward, who entered the day room after he had been called to assist, determined Plaintiff was not harmful to himself or others. Defendant Ward decided to leave the room. When the door to the day room opened, Plaintiff attempted to push past Defendant Ward and flee into another section of the facility.

Defendant Ward asserts he grabbed Plaintiff by the arm and advised the officers to handcuff Plaintiff. Plaintiff was placed on the floor and cuffed behind his back. Plaintiff was escorted to the facility medical room, where he complained of a rib injury and was transferred to the Martinsburg City Hospital emergency room. The examining physician filed a report with the Eastern Regional Jail which states the examination revealed no evidence of injury.

In his Response to the Motion for Summary Judgment, Plaintiff denies that he behaved in a frantic manner, that he tried to flee past Defendant Ward, or that he created any kind of disturbance. The Court also considers a pleading filed by Plaintiff on September 25, 1992, in which he asserts Defendant Ward grabbed his arm and turned it behind his back and placed Plaintiff in a "head-lock." Plaintiff has offered nothing more than his own assertions as proof in this matter.

Defendants' Motion for Summary Judgment, properly supported by affidavits and other documents, shows the force used against Plaintiff was reasonable and necessary under the circumstances and display the absence of a genuine issue of material fact, shifting the burden to Plaintiff, to come forward with facts sufficient to create a triable

issue of fact. *See Anderson,* 477 U.S. at 247–248, 106 S.Ct. at 2509–10. To prove his claim of excessive force, Plaintiff must establish an unnecessary and wanton infliction of pain by Defendant Ward. *See Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986); *Miller v. Leathers,* 913 F.2d 1085 (4th Cir.1990) (en banc) (must show infliction of unnecessary and wanton pain and suffering), *cert. denied,* 498 U.S. 1109, 111 S.Ct. 1018, 112 L.Ed.2d 1100 (1991).

By resting on unsupported assertions, Plaintiff has not created a triable issue of fact that would implicate a legitimate claim the Defendant Ward wantonly and unnecessarily inflicted pain in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff has made no showing, beyond his own assertions, that Defendant Ward's actions were applied in a good faith effort to maintain security. Plaintiff failed to state a claim against Defendant Ward upon which relief may be granted.

### Claims concerning Defendants Detrick and Rudloff

■ After the incident with Mr. Ward and having been diagnosed as suffering from no injuries, Plaintiff was returned from the hospital to the jail facility on February 2, 1991. Upon his return, Plaintiff alleges he received no further medical treatment and was physically restrained while housed in an isolation unit and prevented from seeing a doctor. Other than his own assertions, Plaintiff offers no affidavits or other documents of support.

Defendants assert with supporting affidavits and other documents, that, upon Plaintiff's return from the hospital, the medical unit determined that due to his agitated state, Plaintiff should be placed in a holding cell. Defendants assert Plaintiff attempted to injure himself several times in the holding cell by hurling himself into a wall and the door. Plaintiff was restrained and a medical doctor recommended officers check Plaintiff every fifteen minutes. The medical unit checked Plaintiff every thirty minutes. Defendants assert Plaintiff was given an injection of thorazine to help relieve his anxiety and a nurse determined Plaintiff suffered

from no injuries. A medical doctor diagnosed Plaintiff as self-destructive requiring full restraint. Defendants maintain they acted in good faith on the professional advice of the medical doctor, the medical unit and facility officers.

■ Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). With regard to Defendants Rudloff and Detrick, supervisory liability requires showing that supervisory officials failed to provide prisoner with needed medical care or deliberately interfered with prison doctors' performance. *Miltier v. Beorn,* 896 F.2d 848 (4th Cir.1990). Supervisory officials are entitled to rely on medical judgments made by prison physicians. *Id.* at 854–55.

Plaintiff offers nothing but his own assertions to show that he received inadequate medical care. The extensive affidavits and other documents submitted by Defendants show that Plaintiff was diagnosed by a medical doctor, that Plaintiff showed no sign of injury, and that Plaintiff was checked repeatedly by the prison medical unit and security officers. The record reflects Defendants relied on the professional judgment of the attending physician, the medical unit and security staff.

The record reflects that Defendants were attentive to Plaintiff's medical needs not deliberately indifferent. Upon examination of the record, which is devoid of documentation supporting Plaintiff's claims beyond his own unsubstantiated assertions, a fair minded jury could not return a verdict for Plaintiff. Accordingly, it is

**ORDERED** that Defendants' Motion for Summary Judgment be, and the same is hereby, **GRANTED** and the above-styled civil rights action be **STRICKEN** from the docket of this Court.

If Plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of entry of the Judgment Order, pursuant to

Rule 4, Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $100.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, Plaintiff may, in accordance with the provisions of Rule 24(a), Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.