**UNITED STATES of America, Plaintiff,**

v.

**Brian A. MERCHANT, Defendant.**

**Crim. No. 92–00021–01.**

United States District Court,
N.D. West Virginia,
Elkins Division.

July 16, 1993.

Thomas O. Mucklow, U.S. Atty., Wheeling, W.Va., for plaintiff.

Mike Mullens, for defendant.

### ORDER

MAXWELL, Chief Judge.

On September 25, 1992 Defendant was convicted of distribution of cocaine base "crack" within one-thousand (1,000) feet of a school in violation of 21 U.S.C. § 841(a)(1) and § 845a. The Court sentenced Defendant to be placed in the custody of the Attorney General for a period of forty-six (46) months, the sentence to run concurrent with a State sentence presently being served in West Virginia, and following which Defendant will be subject to a term of supervised release for twelve (12) years. Defendant was also Ordered to pay forty (40.00) dollars as restitution.

On April 29, 1993 Defendant, proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Defendant

984

asserts 1) that his conviction obtained by plea of guilty was not made voluntarily; 2) that his conviction was obtained by use of a coerced confession; and, 3) that he was denied the effective assistance of counsel. On June 1, 1993, Plaintiff filed its response, with supporting exhibits, to Defendant's § 2255 motion.

On June 7, 1993, Defendant was extended twenty (20) days to file a response in opposition, if any he had, to Plaintiff's response and was advised that failure to oppose the response may result in denial of his § 2255 motion. *See Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975). Defendant filed nothing in opposition to Plaintiff's response.

### *Validity of Guilty Plea*

■ Defendant contends his guilty plea was not made knowingly, intelligently or voluntarily because he was "pressured by [his] attorney [and the Government] to make a deal with the Government." The record clearly reflects this Court fully complied with Rule 11 of the Federal Rules of Criminal Procedure at Defendant's plea hearing. Defendant was advised of the maximum penalties associated with his plea and was thoroughly advised by the Court of the rights to which he was entitled. The Court inquired if any threats induced Defendant to plead guilty and Defendant responded that there had been none. Defendant's contention that he entered an involuntary, unknowing and unintelligent guilty plea has no merit.

### *Coerced Confession*

■ Defendant claims he was tricked into signing two plea agreements, one with a specified drug amount and the other with no specified drug amount. The record reflects that there was no coercion, that there was only one plea agreement, and that the drug amount ultimately found applicable by the Court had no effect on the statutory maximum penalty. Again, the record reflects that there was full and thorough compliance by the Court with Defendant's clear understanding with Rule 11 of the Federal Rules of Criminal Procedure. Defendant's claim concerning coerced confession has no merit.

### *Representation of Counsel*

Defendant also claims his Court appointed counsel was ineffective because counsel failed to file motions on behalf of Defendant.

■ The right to counsel "is the right to the effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970). In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court announced a two-part test for determining whether a defendant received adequate assistance of counsel. The first part of the test pertains to competence. Defendant must show that counsel's representation fell below an objective standard of reasonableness. There is a strong presumption that counsel's conduct was well within the range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065. To prove the second part, Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The probability must be sufficient to undermine confidence in the outcome. *Id.* at 694, 104 S.Ct. at 2068; *see Hutchins v. Garrison,* 724 F.2d 1425 (4th Cir.1983) (burden on defendant to show prejudice), *cert. denied,* 464 U.S. 1065, 104 S.Ct. 750, 79 L.Ed.2d 207 (1984); *Horne v. Peyton,* 356 F.2d 631 (4th Cir.) (fact that counsel could have done more is insufficient for reversal absent any showing of harmful consequences), *cert. denied,* 385 U.S. 863, 87 S.Ct. 119, 17 L.Ed.2d 90 (1966).

Defendant has made no showing of the acts or omissions of his counsel which fell below an objective standard reasonableness. Defendant made no showing of what motions his counsel should have filed on his behalf. The record reflects that counsel adequately represented Defendant and left nothing undone that should have been done. The record reflects Defendant's counsel rendered thorough, professional and clearly competent assistance on behalf of Defendant.

In light of the foregoing, it is

**ORDERED** that Defendant's motion pursuant to 28 U.S.C. § 2255 be, and the same is hereby, **DENIED.**

If Defendant should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days of the entry of the Judgment Order, pursuant to subsection (a)(1) of Rule 4, Federal Rules of Appellate Procedure, and Rule 11, Rules Governing Section 2255 Proceedings in the United States District Courts.