7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Patrick O'CONNELL, Defendant-Appellant.
 No. 93-1047.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 26, 1993.
Decided: September 20, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-90-6)
 Timothy Patrick O'Connell, Appellant Pro Se.
 Frank Dearmon Whitney, Office of the United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 VACATED AND REMANDED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Timothy Patrick O'Connell appeals from the district court's denial of his Motion for Return of Property forfeited by the government. Specifically, O'Connell seeks the return of approximately $11,500 in currency, jewelry, an ignition key for a 1988 Ford Thunderbird, and various personal papers. O'Connell claims that he never received notice of the pending forfeiture actions by the Drug Enforcement Administration ("DEA"). The district court held that O'Connell received sufficient notice of the forfeiture. Because we find that O'Connell was not given an opportunity to respond to the government's motion for summary judgment, we vacate the district court's order.
 
 I.
 
 2
 O'Connell's property was seized by the Charlotte Police De- partment.[1] The DEA initiated administrative forfeiture proceedings by sending a certified Notice of Seizure to "Joseph Richard Waverly" at the address where the seizure occurred. The notice was returned to sender. The DEA also published notice of the administrative forfeiture in USA Today in accord with 19 U.S.C. § 1607(a) (Supp. II 1990) and 21 C.F.R. § 1316.75 (1992). After the DEA received no response within twenty days from the first day of publi cation of the notice, the DEA declared the currency forfeited, on October 7, 1990.
 
 
 3
 In his Motion for Return of Property, O'Connell claimed that the items were obtained during an unlawful search, that the government failed to provide him with an inventory of the property seized, and that he never received notice of the forfeiture in violation of due process. The government responded and asserted that the property was administratively forfeited and notice was given pursuant to 19 U.S.C.s 1607(a) (Supp. II 1990). The government supported its response with exhibits. Without conducting an evidentiary hearing or giving[2] Roseboro notice, the district court denied O'Connell's motion six days after the government's motion was filed. The court found that it lacked jurisdiction to review the administrative forfeiture, and alternatively held that if it did have jurisdiction, that probable cause existed for the forfeiture and that O'Connell had been given the requisite notice under § 1607.
 
 II.
 
 4
 Although O'Connell's motion resembled a Fed. R. Crim. P. 41(e) motion, the court should have interpreted his claim as one alleging a Fifth Amendment due process violation. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (pro se claimant's case should not be dismissed for mislabeling of pleading), cert. denied, 439 U.S. 970 (1978); see also In re Sixty Seven Thousand Four Hundred Seventy Dollars, 901 F.2d 1540, 1545 (11th Cir. 1990). The district court's denial of O'Connell's motion was the equivalent of granting summary judgment. Summary judgment is not appropriate unless the pro se party against whom judgment is to be granted is informed of the right to contest judgment and is given reasonable opportunity to file counter-affidavits or other appropriate materials. Roseboro, 528 F.2d at 310. The district court did neither. It denied O'Connell's motion solely based on the government's response. Furthermore, the court denied O'Connell's request to supplement his motion.
 
 
 5
 The district court's failure to give Roseboro notice was not harmless error. Upon reviewing the record, it is evident that a material dispute may exist. Pursuant to § 1607, the government must provide written notice to each party who appears to have an interest in the property. The government alleged that it was not aware that O'Connell possessed an interest in the seized property and only mailed notice of the seizure to "Joseph Richard Waverly" at the address where the seizure occurred. However, that position is undercut by the government's pleadings showing that (1) in November 1989, the Charlotte Police Department filed an application with the Justice Department for the transfer of the seized property noting O'Connell's aliases and his real name (O'Connell), and (2) although "Joseph Richard Waverly" was arrested at the time of the seizure, "Timothy O'Connell" was convicted of the resulting federal crime over two months prior to the publication of thes 1607 notice.
 
 
 6
 Therefore, the district court's failure to give Roseboro notice requires that we vacate the order of the district court. We remand the matter to the district court to allow O'Connell to file materials in opposition to the government's submission. The court should then give due deliberation to all submitted materials and rule accordingly.[3] We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.[4]
 
 VACATED AND REMANDED
 
 
 [1]
 At the time of the seizure, the police arrested "Joseph Richard Waverly," who denied ownership of all property. However, Timothy O'Connell, a.k.a. "Joseph Richard Waverly," was convicted for conspiring to possess and distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. § 841 over two months prior to the forfeiture
 
 
 [2]
 Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (pro se litigants should be alerted that failure to respond with supporting affidavits in face of opposing motion for summary judgment could result in dismissal)
 
 
 [3]
 We intimate no opinion on the outcome
 
 
 [4]
 We deny O'Connell's motions to vacate order of forfeiture and amending his motion for leave to amend appeal