19 F.3d 12
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Aaron R. SPENCER, Petitioner-Appellant,
v.
R.D. TRASK, Superintendent, Scotland County Unit; Attorney
General of North Carolina, Respondents-Appellees.
 No. 93-6428.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 9, 1993.
Decided March 8, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Rockingham. William L. Osteen, Sr., District Judge. (CA-91-546-3).
 Aaron R. Spencer, appellant pro se.
 Richard Norwood League, Office of the Attorney General of North Carolina, Raleigh, North Carolina, for appellee.
 M.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Aaron R. Spencer appeals from the district court's order adopting the magistrate judge's recommendation that Defendants be granted summary judgment on Spencer's 28 U.S.C. Sec. 2254 petition. Because we find that Spencer was not given Roseboro[1] notice, we vacate the order below in part and remand. We affirm the order in part; the district court properly dismissed Spencer's allegation of an improperly empaneled jury, which was frivolous. Habeas Rule 4.
 
 
 2
 Spencer petitioned the district court for habeas relief in October 1991. The Defendants moved for summary judgment in December 1991. The magistrate judge recommended summary judgment in June 1992 without notifying Spencer of his responsibility to offer sworn evidence, pursuant to Fed.R.Civ.P. 56(e), in opposition to Defendants' motion for summary judgment. However, the magistrate judge did notify Spencer of the time for filing objections to the report and recommendation. The district court reviewed the record and made de novo findings on the objections Spencer filed. The court then denied the petition pursuant to the recommendation. Spencer timely noted an appeal.
 
 
 3
 We have previously held that a magistrate judge must comply with the requirements of Roseboro. This continues to be a valid requirement. A pro se party must be given notice that his claims may be adjudicated against him in summary form if he fails to adequately support his pleadings. See Roseboro, 528 F.2d at 310. The magistrate judge below failed to give Spencer such notice; this was error. Because Spencer did not receive Roseboro notice, the grant of summary judgment was inappropriate. Therefore, we grant a certificate of probable cause to appeal, the order is vacated in part, and the cause is remanded.[2] We affirm the dismissal of Spencer's jury claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 [1]
 Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975)
 
 
 [2]
 We deny Spencer's motion for appointment of counsel