37 F.3d 1494
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 John D. HUTCHINS, Plaintiff-Appellant,
v.
NATIONAL ENDOWMENT FOR THE ARTS; Mid-Atlantic Regional Arts
Foundation, Defendants-Appellees.
 No. 94-1146.
 United States Court of Appeals, Fourth Circuit.
 Submitted August 23, 1994.
Decided October 19, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M. J. Garbis, District Judge. (CA-93-2371-MJG)
 John D. Hutchins, appellant pro se.
 Kaye A. Allison, Office of the United States Attorney, Baltimore, MD; Matthew Wade Nayden, Ober, Kaler, Grimes & Shriver, Baltimore, MD, for appellees.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 John D. Hutchins appeals the district court's dismissal of his Complaint against the Mid-Atlantic Arts Foundation (Mid-Atlantic) and the National Endowment for the Arts (NEA).
 
 
 2
 He alleged that certain funds were appropriated by the United States Congress in 1992 to the NEA for the specific and exclusive purpose of awarding NEA sculpture fellowships. He claimed that these funds were misapplied by the Defendants. He stated that:
 
 
 3
 [t]he National Endowment For The Arts neglected to oversee that the 1992 Sculpture Fellowship funds were utilized for the origional [sic] purpose that the U.S. Congress appropriated them. Instead, the funds were released to regional arts organizations [including the Mid-Atlantic Arts Foundation] in the manner of guilt money, after the NEA's defiant stand against the U.S. Congress.
 
 
 4
 Hutchins requested that an injunction be imposed to temporarily block the distribution of the 1993 Mid-Atlantic Arts Foundation Fellowships. He requested the court to order the NEA and the Mid-Atlantic Arts Foundation to release certain documents. Hutchins cited the Freedom of Information Act, 5 U.S.C. Sec. 552 (1988) (FOIA), as his basis for obtaining the requested information. Finally, he requested the court to award $5000 to each sculptor who applied to both the NEA 1992 sculpture fellowships and the Mid-Atlantic Arts Foundation 1993 sculpture fellowships.
 
 
 5
 Mid-Atlantic filed a Motion to Dismiss and/or Strike the Complaint, with an attached affidavit from the Executive Director of the Mid-Atlantic Arts Foundation. Hutchins was never given notice of his right to respond to the motion nor otherwise given a reasonable opportunity to file counter-affidavits or appropriate materials. The NEA filed a Partial Motion to Dismiss For Lack of Subject Matter Jurisdiction as to the FOIA claim. Subsequently, the NEA filed a Motion to Dismiss the remainder of Hutchins's claims against the NEA. The district court granted all three motions on their merits and also because Hutchins failed to file any responses. Hutchins appealed.
 
 I.
 
 6
 Because Mid-Atlantic's Motion to Dismiss was accompanied by an affidavit, the motion is properly considered as a motion for summary judgment under Fed.R.Civ.P. 56. Summary judgment based on the failure to submit affidavits supporting allegations should not be granted unless a pro se party against whom judgment is to be granted is informed of his right to respond, and given a reasonable opportunity to file counter-affidavits or other supporting materials. The court should also notify the pro se litigant that failure to respond might result in entry of a summary judgment against him. Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975). In this case, however we find that the district court's failure to give Roseboro notice was harmless error.
 
 II.
 
 7
 The allocation of funds from a lump-sum appropriation to meet permissible statutory objectives is an administrative decision left to an agency's discretion. Lincoln v. Vigil, 61 U.S.L.W. 4490 (U.S.1993). The Supreme Court in Lincoln stated that:
 
 
 8
 a fundamental principle of appropriations law is that where 'Congress merely appropriates lump-sum amounts without statutorily restricting what can be done with those funds, a clear inference arises that it does not intend to impose legally binding restrictions, and indicia in committee reports and other legislative history as to how the funds should or are expected to be spent do not establish any legal requirements' on the agency.
 
 
 9
 Id. at 4492-93 (quoting LTV Aerospace Corp., 55 Comp. Gen. 307, 319 (1975)).
 
 
 10
 The NEA received a lump-sum appropriation from Congress pursuant to the Interior and Related Agencies Appropriation Act for fiscal year 1992. Pub.L. No. 102-154, 105 Stat. 990, 1031-1032 (1991). Congress provided the lump-sum appropriation:
 
 
 11
 [f]or necessary expenses to carry out the National Foundation on the Arts and Humanities Act of 1965, as amended, $147,700,000 shall be available to the National Endowment for the Arts for the support of projects and productions in the arts through assistance to groups and individuals pursuant to section 5(c) of the Act, and for administering the function of the Act: Provided, That none of the funds made available in this Act for the National Endowment for the Arts may be used to fund any application for a grant that is not submitted to the Endowment pursuant to existing law as contained in section 5(d) of the National Foundation on the Arts and the Humanities Act of 1965 (20 U.S.C. 954(d)), for which terms are defined in section 3 of that Act (20 U.S.C. 952).
 
 
 12
 Id. at 1031. Section 5(c) of the Act is found in 20 U.S.C.A. Sec. 954 (West Supp.1994).
 
 
 13
 The relevant portion of the statute authorizes the Chairperson of the National Endowment of the Arts, with the advice of the National Council on the Arts, "to establish and carry out a program of contracts with, or grants-in-aid or loans to, groups or, in appropriate cases, individuals of exceptional talent engaged in or concerned with the arts." 20 U.S.C.A. Sec. 954(c) (West Supp.1994). "The term 'the arts' includes, but is not limited to, ... sculpture, ... and the study and application of the arts to the human environment." 20 U.S.C.A. Sec. 952(b) (West Supp.1994). Title 20 U.S.C.A. Sec. 960 (West Supp.1994) sets forth some dollar amount limitations for carrying out the various purposes of the Act.
 
 
 14
 Because the Interior and Related Agencies Appropriations Act did not statutorily restrict what could be done with the appropriated funds, the NEA was not legally required to fund sculpture fellowships. See Lincoln, 61 U.S.L.W. at 4492-93. The Appropriations Act did not require the NEA to grant sculpture fellowships or mandate that the NEA fund the art of sculpture. Furthermore, nothing in the National Foundation on the Arts and the Humanities Act of 1965 required the NEA to fund sculpture fellowships. See 20 U.S.C.A. Secs. 951-960 (West 1990 & Supp.1994). Thus, the NEA's decision to not fund sculpture fellowships in 1992 was a permissible exercise of the agency's discretion.
 
 
 15
 Furthermore, a trial court lacks power to review a claim that the NEA's review of an application is faulty because Congress has vested the NEA with broad discretionary powers regarding acceptance of grants, and has left the court with no explicit standards against which to judge an agency's performance. See Frasier v. United States Dep't of Health and Human Servs., 779 F.Supp. 213 (N.D.N.Y 1991). Therefore, the district court's failure to give Roseboro notice as to this claim was harmless error because this claim is meritless.
 
 III.
 
 16
 The district court did not have jurisdiction to hear Hutchins's claim for information from the NEA based on the FOIA. Subject matter jurisdiction to order the production of any improperly withheld agency records lies in the district court in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia. 5 U.S.C. Sec. 552(a)(4)(B) (1988). Hutchins did not allege that Maryland was the situs of any of these factors. Because Hutchins did not establish that the district court had jurisdiction to hear his FOIA claim against the NEA, we affirm the part of the district court's order dismissing Hutchins's FOIA claim against the NEA. We modify, however, the dismissal to a dismissal without prejudice to Hutchins's right to refile the claim in the proper district court.
 
 IV.
 
 17
 Hutchins did not state a cognizable claim against the Mid-Atlantic Arts Foundation. Hutchins did not allege that Mid-Atlantic failed to comply with its obligations to the NEA pursuant to the grant terms or the application Mid-Atlantic submitted to the NEA. Because Hutchins's Complaint does not allege any duty or breach of duty regarding Mid-Atlantic, the Complaint fails to state a claim for which relief can be granted.
 
 
 18
 Regarding Hutchins's request for information from Mid-Atlantic, his reliance on the Freedom of Information Act is misplaced. The FOIA applies only to Federal agencies. See 5 U.S.C. Sec. 552 (West 1977 & Supp.1994). Because Mid-Atlantic is a private non-profit organization, Hutchins cannot rely on the FOIA to obtain information from Mid-Atlantic. Therefore, the district court's failure to give Hutchins Roseboro notice was harmless error with regard to his claims against Mid-Atlantic.
 
 
 19
 Hutchins requested the district court to issue an injunction to temporarily block the distribution of the 1993 Mid-Atlantic Arts Foundation Fellowships. This issue is moot because the affidavit accompanying Mid-Atlantic's Motion to Dismiss stated that the funds have already been distributed.
 
 
 20
 Therefore, we affirm as modified the portion of the district court's order dismissing Hutchins's FOIA claim against the NEA. We affirm the remaining part of the district court's order dismissing Hutchins's claim against the NEA and the claims against the Mid-Atlantic Arts Foundation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 AFFIRMED AS MODIFIED