67 F.3d 298
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Delton Scott STEVENS, Defendant-Appellant.
 No. 95-6739.
 United States Court of Appeals, Fourth Circuit.
 Sept. 21, 1995.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CR-90-310, CA-94-3380-6-3AK)
 Delton Scott Stevens, Appellant Pro Se. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before WIDENER and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Delton Scott Stevens appeals from the district court's order denying his 28 U.S.C. Sec. 2255 (1988) motion. Because we find that the district court granted summary judgment without giving Stevens an opportunity to oppose the motion for summary judgment and because the record before us is insufficient to assess whether this was harmless error as to one claim, we affirm the court's order in part, vacate the order in part, and remand for further proceedings.
 
 
 2
 Stevens was convicted, after a jury trial involving numerous defendants, of conspiracy to distribute crack cocaine and possession with intent to distribute crack cocaine. At trial, the following evidence was introduced against Stevens: one witness testified that he had seen Stevens distributing crack cocaine; another witness narrated a videotape on which Stevens appeared and testified that Stevens was selling crack cocaine; finally, when the police conducted a raid, Stevens was among several men found within a couple of yards of a bag of crack cocaine. This court affirmed Stevens's conviction and sentence on appeal. United States v. Stevens, No. 91-5533 (4th Cir. Sept. 29, 1992) (unpublished), cert. denied, 61 U.S.L.W. 3731 (U.S.1993).
 
 
 3
 Stevens then filed the instant motion to vacate, set aside, or correct his sentence pursuant to Sec. 2255, raising various claims for relief. Together with his petition, Stevens filed a "Motion for the Request of Trial and Court Records," requesting prior statements and testimony of cooperating witnesses. Without a hearing and without giving the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), the district court dismissed Stevens's petition and denied his motion for documents. In the order dismissing Stevens's petition, the court relied on an affidavit filed by Stevens's trial counsel. Stevens alleges that he was served with neither this affidavit nor any response by the Government to his petition, and the record does not contain any evidence refuting this contention.
 
 
 4
 Because the district court relied on a document outside of the pleadings, the district court's denial of Stevens's motion was a grant of summary judgment. Therefore, Stevens was entitled to notice and an opportunity to respond before his motion was dismissed. Id. at 310 (district court cannot grant summary judgment unless the pro se party against whom judgment is entered is informed of his right to file responsive materials and given a reasonable opportunity to do so). The district court did not afford Stevens such notice or opportunity to contest judgment.
 
 
 5
 We find that the district court's failure to give Roseboro notice was harmless error as to most of Stevens's claims, because these claims lack merit. However, we find that, on the record before us, there exists one potentially meritorious claim. Therefore, the district court erred in granting summary judgment in favor of the Government on this claim.
 
 
 6
 It appears from the record that a material dispute may exist regarding Stevens's claim of ineffective assistance of counsel arising from an alleged violation of Stevens's right to testify in his own behalf. Stevens alleges that he told his attorney that he wanted to testify, but his attorney prevented him from doing so. Stevens attests that his attorney threatened him by stating that he would make sure Stevens received a more severe sentence if he testified and was convicted.
 
 
 7
 Stevens's trial counsel contends that he advised Stevens of his constitutional right to testify, and Stevens decided to remain silent. In addition, trial counsel asserts that Stevens informed the judge that he understood his rights and declined to testify. However, even assuming Stevens waived his right to testify in front of the court, Stevens has not had an opportunity to respond to the statements of his trial counsel or explain the circumstances behind the waiver.
 
 
 8
 Therefore, we find that the district court's failure to give Roseboro notice regarding this claim was not harmless error. Because the district court failed to give the required notice before granting summary judgment in favor of the Government, we vacate the order of the district court with regard to Stevens's claim of ineffective assistance of counsel arising from violation of his right to testify in his own behalf and remand to the district court to give Stevens notice and an opportunity to respond to the contentions of the Government on this claim. We affirm the remainder of the order substantially on the reasoning of the district court. Stevens v. United States, Nos. CR-90-310; CA-94-3380-6-3AK (D.S.C. Apr. 21, 1995).* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 *
 Stevens's claims of prosecutorial misconduct have been waived due to his failure to raise these claims on direct appeal and his inability to show cause for this failure. United States v. Frady, 456 U.S. 152, 167-68 (1982)