**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TYRONE ANDREWS,
<u>Plaintiff-Appellant,</u>

v.

J. M. DAW, Trooper, North Carolina

Highway Patrol; EDWARD W.
HORTON, Commander, North
Carolina Highway Patrol; STATE OF
NORTH CAROLINA,
<u>Defendants-Appellees.</u>

No. 96-7664

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CA-96-584-5-BO)

Submitted: March 11, 1997

Decided: July 7, 1997

Before ERVIN, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Tyrone Andrews, Appellant Pro Se. Reuben Franklin Young,
NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North
Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tyrone Andrews appeals the district court's order (1) dismissing his 42 U.S.C.A. § 1983 (West 1994) complaint against the state of North Carolina and (2) granting summary judgment in favor of the remaining Defendants, Commander Edward W. Horton of the North Carolina Highway Patrol and Patrolman J.M. Daw. In its order, the district court failed to state whether it acted pursuant to Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure.* Nevertheless, we affirm the district court's order effectively dismissing all claims under Federal Rule of Civil Procedure 12(b)(6).

Absent waiver or consent, the Eleventh Amendment bars suits directly against a state. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (holding "that in the absence of consent, a suit in which the State . . . is named as a defendant is proscribed by the Eleventh Amendment"). Furthermore, a state is not considered a "person" within the meaning of § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Hence, North Carolina, having neither waived its Eleventh Amendment immunity nor given the necessary consent, is not subject to § 1983 liability in this case. The district court therefore properly dismissed Andrews' claims against North Carolina. See Fed. R. Civ. P. 12(b)(6). Accordingly, we affirm that aspect of the district court's order.

With respect to Andrews' claims against Commander Horton and

_____

*In addition, the district court failed to provide Andrews with appropriate notice under Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). However, given our holding that the district court properly dismissed Andrews' claims under Federal Rule of Civil Procedure 12(b)(6), we do not address the district court's failure to give Andrews Roseboro notice.

2

Patrolman Daw, we find that dismissal of the action under Rule 12(b)(6) was the appropriate remedy, rather than the entry of summary judgment under Rule 56. Dismissal of a claim under Rule 12(b)(6) is proper where, assuming the facts in the complaint are true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). Here, the record reveals that neither Horton nor Daw at any time moved for summary judgment. Instead, they filed motions pursuant to Rule 12(b)(6) to dismiss Andrews' complaints. Furthermore, none of the parties submitted any sworn affidavits or other evidence that would support sua sponte conversion of Defendants' motions to dismiss to motions for summary judgment. See Fed. R. Civ. P. 56(e). Resolution of the case based on the pleadings alone is appropriate by dismissal under Rule 12(b)(6), not by summary judgment under Rule 56.

Commander Horton was named as a defendant in the complaint only in his official capacity; Andrews did not allege that Horton was personally involved in the alleged unlawful conduct. Cf. Rizzo v. Goode, 423 U.S. 362, 377 (1976) (dismissing claims and stating "that the responsible authorities had played no affirmative part in depriving [plaintiff-respondents] of any constitutional rights"). Accordingly, he is not a "person" within the meaning of § 1983 and is therefore not subject to suit. See Will, 491 U.S. at 71. Similarly, Patrolman Daw was also named only in his official capacity and is accordingly shielded from suit for monetary damages -- the only remedy Andrews seeks. See Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) (holding "that, in his official capacity,[defendant-Sheriff] is immune from suit under § 1983 for money damages"). Under these circumstances, dismissal of the complaint under Rule 12(b)(6) was appropriate -- Andrews could not have prevailed under any set of facts that could be proved consistent with his allegations. Accordingly, we affirm the district court's dismissal of Andrews' complaint against all Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3