**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GENERAL CONFERENCE
CORPORATION OF SEVENTH-DAY
ADVENTISTS,
<u>Plaintiff-Appellee,</u>

v.

DAVID A. NAMER,
<u>Defendant-Appellant,</u>

and

MEYERS POLLOCK ROBBINS,
INCORPORATED; NORTHSTAR LEASING
COMPANY, L.L.C.; Y. C. LAWS;
DANA E. MILLER; NORTHSTAR

No. 99-2461

AIRLINES, INCORPORATED; NETWORK
MORTGAGE SERVICES; OFFSHORE
INSURANCE SERVICES, INCORPORATED,
a/k/a Offshore Insurance Services
Corporation; LARRY E. BARESEL;
NISSIM RUSSO; MICHAEL PLOSHNICK;
SHELLI PLOSHNICK; PETER
TANNENBAUM; BRUCE BARBERS;
KENNETH TRATTNER; BO RITZ;
SENTINEL TRUST COMPANY; DANIEL
N. BATES; CHRISTOPHER BARONI;
MILTON SITTON; LEE E. BURTON,
<u>Defendants.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-97-3664-PJM)

Submitted: April 20, 2000

Decided: May 4, 2000

Before MURNAGHAN and KING, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

David A. Namer, Appellant Pro Se. Michael Robert Goodstein, Gregory Steven Feder, ARTER & HADDEN, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Namer appeals from the district court's entry of summary judgment for the Plaintiff in a federal securities fraud action against Appellant. For the reasons set forth below, we vacate and remand for further proceedings.

A review of the record shows that the Plaintiff moved for summary judgment and submitted depositions, affidavits, and other materials in support of its motion. The district court granted summary judgment. However, the district court failed to provide Appellant with the notice required by Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975),

2

which prohibits the entry of summary judgment based on a pro se party's failure to submit affidavits supporting his allegations unless such party is given a reasonable opportunity to file counter-affidavits or other appropriate materials and is informed that failure to file such a response may result in dismissal of the action. See Roseboro, 528 F.2d at 310.

Although Appellant responded to the summary judgment motion, Appellant did not submit any affidavits or other evidence in support of his statement. The district court granted the motion for summary judgment based on Appellant's failure to produce such supporting evidence. On this record we cannot find that the district court's failure to provide Roseboro notice was harmless error. See Fed. R. Civ. P. 61; Fed. R. Civ. P. 56(e). We therefore vacate the district court's order granting summary judgment for the Plaintiff and remand this case to the district court with instructions to provide Appellant with the notice and opportunity to respond to which he is entitled.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. The reason for remand is wholly procedural and has nothing to do with the merits of the case.

VACATED AND REMANDED

3