UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

WILLIE A. SWANN,
        *Defendant-Appellant.*

No. 01-1331

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-00-800-5-BO-3)

Submitted: July 26, 2001

Decided: October 22, 2001

Before WILKINS and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Willie A. Swann, Appellant Pro Se. Rudolf A. Renfer, Jr., Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Willie A. Swann appeals the district court's order granting judgment as a matter of law to Plaintiff in this collection action for default on a student loan. For the reasons set forth below, we vacate and remand for further proceedings.

A review of the record discloses that in response to Swann's motion to dismiss the complaint, which was supported by a sworn Certificate of Indebtedness, Plaintiff moved for judgment as a matter of law. Citing Swann's failure to present evidence, the district court granted Plaintiff's motion. We find that Plaintiff's motion for judgment as a matter of law was not properly before the district court under Fed. R. Civ. P. 50 or 52, and was in fact a motion for summary judgment.

A motion for summary judgment may not be granted unless proper notice is provided under *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). *Roseboro* prohibits the entry of summary judgment based on a pro se party's failure to submit affidavits supporting his allegations unless such party is given a reasonable opportunity to file counter-affidavits or other appropriate materials and is informed that failure to file such a response may result in dismissal of the action. *Id.*

Swann did not submit any affidavits in support of his claims to survive Plaintiff's de facto summary judgment motion. The district court granted Plaintiff's motion, in part, based on Swann's failure to produce such supporting evidence. On this record, we cannot find that the district court's failure to provide *Roseboro* notice was harmless error. *See* Fed. R. Civ. P. 61; Fed. R. Civ. P. 56(e). We therefore vacate the district court's order granting judgment as a matter of law to Plaintiff and remand this case to the district court with instructions to provide Swann with the notice and opportunity to respond to which he is entitled.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and

argument would not aid the decisional process. The reason for remand is entirely procedural and is unrelated to the merits of the case.

*VACATED AND REMANDED*