**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-2131**

---

LENIR RICHARDSON,

Plaintiff - Appellant,

versus

KIMBERLY POWEL; J. C. LYLE, Officer #241;
METRO TRANSIT AUTHORITY; FAIRFAX CONNECTOR;
COMMONWEALTH OF VIRGINIA; FREEDOM BAIL
BONDING, CORPORATION,

Defendants - Appellees.

--------------------------------

MICHAEL LINDNER,

Movant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, District
Judge.  (CA-04-874-1)

---

Submitted:  January 27, 2006          Decided:  February 16, 2006

---

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

---

Lenir Richardson, Appellant Pro Se.  Dale M. Race, LYNCH & RACE,
Fairfax, Virginia, for Appellee Freedom Bail Bonding.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lenir Richardson appeals a district court order disposing of her civil rights complaint arising out of her arrest at the Vienna, Virginia Metro Station. We have reviewed the district court orders and the record and affirm the dismissal of the complaint against Washington Metropolitan Area Transit Authority, the Commonwealth of Virginia and the Fairfax Connector for the reasons cited by the district court. See Richardson v. Powel, No. CA-04-874-1 (E.D. Va. filed Nov. 22, 2004; entered Nov. 23, 2004). We further affirm the dismissal of the complaint against Defendants Powel and Lyle for the reasons cited by the district court. See Richardson v. Powel, No. CA-04-874-1 (E.D. Va. filed Sept. 16, 2005; entered Sept. 19, 2005). With respect to the court's dismissal of the complaint against Freedom Bail Bonding Corporation ("Freedom"), we vacate and remand.

A review of the record discloses Freedom moved for a judgment on the pleadings or for summary judgment and submitted an affidavit by the company's president refuting Richardson's allegations. The district court relied on the affidavit in granting Freedom's motion. As a general rule, if materials "outside the pleading[s] are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . , and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56."

- 3 -

Fed. R. Civ. P. 12(b); see Gay v. Wall, 761 F.2d 175, 177-78 (4th Cir. 1985). Citing, inter alia, Richardson's failure to present evidence, the district court granted Freedom's motion. The district court did not provide Richardson with the notice required by Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). Roseboro prohibits the entry of summary judgment based on a pro se party's failure to submit affidavits supporting her allegations unless such party is given a reasonable opportunity to file counter-affidavits or other appropriate materials and is informed that failure to file such a response may result in dismissal of the action. Id. Although Richardson responded to Freedom's motion, she did not submit any affidavits in support of her claims. The district court granted Freedom's motion, in part, based on Richardson's failure to produce such supporting evidence. On this record, we cannot find that the district court's failure to provide Roseboro notice was harmless error. See Fed. R. Civ. P. 61; Fed. R. Civ. P. 56(e). We therefore vacate that part of the district court's order granting summary judgment to Freedom and remand this case to the district court with instructions to provide Richardson with the notice and opportunity to respond to which she is entitled.

Accordingly, we affirm the dismissal of the complaint against Washington Metropolitan Area Transit Authority, the Commonwealth of Virginia, the Fairfax Connector, Kimberly Powel and

J.C. Lyle.  We vacate the district court's dismissal in favor of Freedom and remand for further proceedings consistent with this opinion.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

---

[*]The reason for remand is entirely procedural and is unrelated to the merits of the case.