8 F.3d 816
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James M. BURROW, Jr., Plaintiff-Appellant,
v.
Donna E. SHALALA, SECRETARY OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 No. 93-1509.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 13, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-92-501-R)
 James M. Burrow, Jr., Appellant Pro Se.
 Robert Drum, Steven Michael Rollins, United States Department of Health & Human Services, Philadelphia, Pennsylvania; Debra Jean Prillman, Assistant United States Attorney, Richmond, Virginia, for Appellees.
 E.D.Va.
 VACATED AND REMANDED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James Burrow appeals from the district court's order adopting the magistrate judge's report and recommendation that Defendant be granted summary judgment in Burrow's action for social security disability benefits. Because we find that the magistrate judge erred by not giving Roseboro* notice to Burrow, we vacate the order below and remand.
 
 
 2
 Burrow filed suit in August 1992. The action was referred to a magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b) (1988). In January 1993, Defendant moved for summary judgment. The magistrate judge did not provide notice to Burrow as required by Roseboro but recommended granting summary judgment against him. Burrow failed to respond to the summary judgment motion, but he did file objections to the magistrate judge's proposed disposition to the district court. Because Burrow filed objections to the recommendation, the district court conducted a de novo review of the record and adopted the magistrate judge's recommendation granting summary judgment. Burrow timely noted an appeal.
 
 
 3
 We have previously held that a magistrate judge must comply with the requirements of Roseboro. This continues to be a valid requirement. A pro se party must be given notice that his claims may be adjudicated against him in summary form if he fails to adequately support his pleadings. See Roseboro, 528 F.2d at 310. The magistrate judge below failed to give Burrow such notice; this was error. Because Burrow did not receive Roseboro notice, the grant of summary judgment was inappropriate. Therefore, the order is vacated, and the cause is remanded. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975)