70 F.3d 1264
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George R. WOOD, a/k/a George R. Tex Wood, Plaintiff-Appellant,
v.
Michael G. BROWN, Secretary of the State Board of Elections
Commonwealth of Virginia, Defendant-Appellee.
 No. 94-2183.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 23, 1995.
Decided Nov. 27, 1995.
 
 Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, Chief District Judge. (CA-94-47-D)
 George R. Wood, Appellant Pro Se. Roger Conant Wiley, Jr., OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.
 W.D.Va.
 DISMISSED IN PART, VACATED IN PART, AND REMANDED.
 Before WIDENER and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order granting summary judgment for the Defendant in Appellant's pro se action challenging the imposition and enforcement of the deadline for filing petitions for inclusion on the ballot as an Independent candidate for United States Senator. He contends that the deadline should be extended to conform to the deadline imposed for presidential and vice-presidential candidates. Appellant also appeals from the denial of his motion for a preliminary injunction against the enforcement of the deadline. We dismiss the appeal in part and vacate in part and remand to the district court.
 
 
 2
 A review of the record shows that the Defendant moved for summary judgment and submitted an affidavit explaining the rationale for the varying deadlines and the administrative hardship which would result if the deadlines were conformed. The district court granted summary judgment and accordingly denied the motion for a preliminary injunction. However, the district court failed to provide Appellant with the notice required by Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir.1975), which prohibits the entry of summary judgment based on a pro se party's failure to submit affidavits supporting his allegations unless such party is given a reasonable opportunity to file counter-affidavits or other appropriate materials and is informed that failure to file a response may result in dismissal of the action. Roseboro, 528 F.2d at 310. Although Appellant responded and the district court held a hearing on the summary judgment motion, Appellant did not submit any affidavits in support of his statement.* See Fed.R.Civ.P. 56(e). We therefore vacate the district court's order granting summary judgment for the Defendant and remand this case to the district court with instructions to provide Appellant with the notice and opportunity to respond to which he is entitled.
 
 
 3
 To the extent that Appellant appeals from the denial of his motion for a preliminary injunction, we note that the preliminary injunction motion requested that the district court enjoin the enforcement of the state statutes imposing the June 14, 1994 deadline for filing a qualifying petition for ballot access for the office of United States Senator for the November 8, 1994 general election. The election has since passed, rendering the appeal from denial of the preliminary injunction moot.
 
 
 4
 In conclusion, we dismiss, as moot, that portion of the appeal from the denial of Appellant's motion for a preliminary injunction and vacate that portion of the district court order granting summary judgment for the Defendant and remand to the district court for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. The reason for remand is wholly procedural and has nothing to do with the merits of the case.
 
 
 5
 DISMISSED IN PART AND VACATED AND REMANDED IN PART.
 
 
 
 *
 Appellant submitted a notarized answer to the motion for summary judgment. At the conclusion of the hearing, the district court commented that it had to accept the affidavit as undisputed and that Appellant "may have gotten blind-sided a little bit on this affidavit." On this record we cannot find that the district court's failure to provide Roseboro notice was harmless error. See Fed.R.Civ.P. 61