74 F.3d 1232
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Frances K. INGRAM, Plaintiff-Appellant,
v.
MORGAN STATE UNIVERSITY; The Boys' Latin School of
Maryland, Incorporated; Bryn Mawr School; Calvert School;
Capitol Hill Day School, Incorporated; Garrison Forest
School, Incorporated; Glenelg County School; Green Acres
School; Gilman School, Incorporated; Holten Arms School;
Holy Trinity Episcopal Day School; Key School,
Incorporated; Landon School, Incorporated; McDonough
School; Norwood School Incorporated; Park School of
Baltimore; Queen Anne School; Roland Park County School,
Incorporated; Sandy Spring Friends School, Incorporated;
Sheridan School; Sidwell Friends School; St. Andrew's
Episcopal School, Incorporated; St. Paul's School,
Incorporated; St. Paul's School for Girls; National
Cathedral; Association of Independent Maryland Schools,
Incorporated; Baltimore Educational Scholarship Trust,
Defendants-Appellees.
 No. 95-2314.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 14, 1995.
Decided Jan. 16, 1996.
 
 Frances K. Ingram, Appellant Pro Se. John Joseph Curran, Jr., Attorney General, Mark Jason Davis, Assistant Attorney General, Baltimore, Maryland; Thomas Dennehy Washburne, Sr., OBER, KALER, GRIMES & SHRIVER, Baltimore, Maryland, for Appellees.
 Before HALL, WILKINSON, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order dismissing her claims for lack of standing and failure to state a claim upon which relief may be granted. We have reviewed the record and the district court's opinion and find no reversible error. The district court correctly determined that the Appellant lacked standing to assert a claim against twenty-five of the twenty-eight Defendants. As to the other three Defendants, we find that Appellant has failed to make the requisite prima facie case for any of her claims. Her Title VII and 42 U.S.C.A. Sec. 1981 (West 1994) claims fail to meet this standard because Appellant has not alleged that she applied and was qualified for a particular job or that the Defendants continued to seek applicants of her qualifications after her rejection. 42 U.S.C.A. Sec. 2000e-2 (West 1994); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Her Title VI claim fails because Appellant has not alleged that the Defendants receive federal financial assistance for the primary purpose of employment, or that she was the intended beneficiary of any such assistance. 42 U.S.C. Sec. 2000d-3 (1988); Soberal-Perez v. Heckler, 717 F.2d 36, 38 (2d Cir.1983). Finally, her equal protection claim fails because the hiring decisions of private institutions do not constitute state action. See Peterson v. City of Greenville, 373 U.S. 244, 247 (1963). Therefore, we affirm the district court's order.
 
 
 2
 In light of this disposition, Appellees' motion to strike is denied as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.*
 
 AFFIRMED
 
 
 *
 We find that the failure to give Appellant proper notice under Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), was, at most, harmless error because the error did not affect Appellant's substantial rights. See United States v. Nyman, 649 F.2d 208, 211 (4th Cir.1988). For the same reason, the failure to rule on Appellant's motion for default judgment was harmless error