**Steven WHISENANT, Petitioner,**

v.

**Ronald J. ANGELONE, Respondent.**

**Civil Action No. 95–0537–R.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Feb. 9, 1996.

Steven Whisenant, pro se.

Susan Alexander, Office of the Attorney General, Richmond, VA, for Respondent.

### Memorandum Opinion

KISER, Chief Judge.

Petitioner Steven Whisenant, a Virginia prisoner proceeding *pro se,* has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends that the Virginia Department of Corrections ["VDOC"] has incorrectly classified him as a second-term felon, thereby lengthening his term of confinement before he is eligible for parole. Respondent does not dispute that petitioner has exhausted his state remedies.

The respondent, through counsel, filed a motion to dismiss. The court notified the petitioner of the respondent's motion as required by *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975), and warned petitioner that judgment might be granted for the respondent if petitioner did not respond to the motion. Petitioner has responded. Therefore, this motion is now ripe for consideration.

Petitioner contends that, in classifying him as a second-term felon, the VDOC has improperly taken into account a conviction from 1983 which did not result in his commitment to the VDOC. However, petitioner admits that, in 1983, he was sentenced to one year in the penitentiary as a result of his felony conviction as a "habitual offender." Therefore, even though he was never physically received at a VDOC facility on this occasion, this sentence appears to qualify as a commitment for purposes of Virginia Code § 53.1–151(A).

In any event, no constitutional right exists to be paroled prior to the expiration of a valid sentence. *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979). Where a parole statute creates an expectation of parole by mandating release unless certain findings are made or certain criteria met, the statute does create a protected liberty interest, even though the release date is necessarily subjective and predictive. *Id.; Board of Pardons v. Allen,* 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). However, states should be afforded a great deal of discretion in determining whether inmates should be released on parole or whether inmates are, in fact, even eligible for parole. *Vann v. Angelone,* 73 F.3d 519 (4th Cir.1996), *citing Gaston v. Taylor,* 946 F.2d 340 (4th Cir.1991). Federal courts should not undermine a state's right to manage its own parole system by installing themselves as the final arbiters of when an inmate should be eligible for parole. *Id.* Therefore, I conclude that current Fourth Circuit case law dictates that this court not engage in a review of an inmate's eligibility for parole under specific state statutes or regulations. Accordingly, I must grant respondent's motion to dismiss.

The petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of the Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5) or 4(a)(6).

The clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner and to counsel of record for the respondents.