**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 98-6191

AMBROSE WANRIN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-93-464-FJM, CA-97-4041-FJM)

Submitted: August 25, 1998

Decided: October 14, 1998

Before WILKINS and LUTTIG, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Ambrose Wanrin, Appellant Pro Se. Lynne Ann Battaglia, United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ambrose Wanrin appeals from the district court's order dismissing as untimely his 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) motion in which he asserts that the government breached the plea agreement. Because the district court failed to consider Wanrin's contentions that his motion was timely filed following entry of the amended judgment and commitment order and that he only recently discovered the government's alleged breach, we vacate the district court's order and remand this case for a determination of whether the motion was timely filed.

Wanrin pled guilty to conspiracy to import heroin into the United States, in violation of 21 U.S.C. § 963 (1994). As part of the plea agreement, although noting the government's limited ability to affect events in foreign countries, the government agreed to "use its good faith efforts to alert and assist in the protection of any members of Mr. Wanrin's family should a danger arise to them as a result of his cooperation with the government." On November 17, 1995, the district court sentenced Wanrin to fifty-one months imprisonment. On the government's Fed. R. Crim. P. 35(b) motion, the district court reduced Wanrin's sentence to forty-one months in light of his substantial assistance. The amended judgment and commitment order was entered on August 21, 1997.

On December 1, 1997, Wanrin moved for specific enforcement of the plea agreement or to vacate his conviction pursuant to 28 U.S.C.A. § 2255. Wanrin asserted that on May 20, 1996, in retaliation for his cooperation with the government, his wife and children were violently attacked and assaulted. Wanrin learned of this incident in June 1996 and informed the government of the attack on his family. Wanrin was subsequently taken to Kentucky to testify for the government in another criminal prosecution. The government did not warn his family in Nigeria about his further cooperation and the potential for additional danger resulting from this cooperation. Wanrin then wrote a series of letters to the government and to his attorney attempting to obtain protection for his wife and children in Nigeria. He

claimed that it was not until October 1997 that he realized that the government breached the plea agreement.

The district court dismissed the motion as untimely, noting that Wanrin was sentenced on November 19, 1995, and this motion was not filed until December 1, 1997. Because the § 2255 motion was not filed within one year of Wanrin's sentence, the court concluded that the motion was untimely.

Section 2255 requires that a motion under that section be filed within one year from the latest of four specified times, including:

> (1) the date on which the judgment of conviction becomes final;

\* \* \*

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255.

Wanrin asserts that the motion was timely filed because it was filed within one year from the entry of his amended judgment and commitment order, and because he did not discover the facts underlying the claim until within one year of filing his motion. The district court did not consider these claims, because they were asserted in response to the government's contention that the motion was untimely, and Wanrin's response was filed after the district court's order dismissing the motion. Because Wanrin did not receive notice of the district court's intent to dismiss his motion, see Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1184-85 (7th Cir. 1989); see also United States Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n, 873 F.2d 731, 736 (4th Cir. 1989) (regardless of the merits, notice and opportunity to respond required prior to sua sponte summary judgment); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), we grant a certificate of appealability, vacate the judgment of the district court, and remand for further proceedings. We deny Wanrin's motion for appointment of counsel and

3

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4