**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL EUGENE BROWN,
Plaintiff-Appellant,

v.

H. R. POWELL, Warden; C. GIBBS,

Captain; W. COPELAND, Assistant
Warden/treatment; MRS. JENNINGS,
Counselor,
Defendants-Appellees.

No. 98-6373

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CA-96-1240-2)

Submitted: June 29, 1999

Decided: July 19, 1999

Before MURNAGHAN, ERVIN, and WILLIAMS,
Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael Eugene Brown, Appellant Pro Se. Mark Ralph Davis,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Rich-
mond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Michael Eugene Brown appeals from the dismissal of his 42 U.S.C.A. § 1983 (West Supp. 1999) action. Because Brown's notice of appeal was received in the district court after expiration of the appeal period, we remanded the case to the district court and instructed the district court to obtain information regarding the date that Brown delivered his notice of appeal to prison officials and to determine the timeliness of the filing under Houston v. Lack, 487 U.S. 266 (1988) (notice considered filed as of the date Appellant delivers it to prison officials forwarding to the court).

The district court entered its final order on January 27, 1998. Pursuant to Fed. R. App. P. 4(a), Brown's notice of appeal was due by February 26. Brown's notice of appeal was dated February 26, postmarked March 2, and received by this court on March 4.[1] Brown also mailed a notice of appeal directly to the district court. That notice was dated February 26, postmarked March 2, and filed on March 6.

On remand, the district court ordered the Defendants to indicate when Brown delivered his notice of appeal to prison authorities. Defendants filed a response and attached an affidavit from the Mailroom Supervisor at Greensville Correctional Center. The affidavit stated that outgoing mail is picked up every weekday morning from a mailbox to which prisoners have access and delivered on the same day to the United States Post Office. Mail marked "legal mail" is logged and documented, but regular mail is not. Finally, the affidavit stated that Greensville's logbook showed that Brown mailed two pieces of legal mail on March 2, 1998,[2] one to the Fourth Circuit Court of Appeals and one to the district court in Norfolk.

_____

[1] A notice of appeal should be filed with the district court. However, if the notice is mistakenly filed with the court of appeals, it is treated as filed in the district court on the same day. See Fed. R. App. P. 4(d).

[2] Because March 2, 1998, was a Monday, mail logged that day could have been placed in the prison mailbox any time between Friday, February 27 (after the mail had been picked up that day) and March 2.

The district court neither requested any information from Brown nor informed him that he could respond to Defendants' filing. Brown did not file any documents or pleadings in district court on remand. The district court issued an order applying the "presumption of regularity" to prison officials and found that Brown's appeal was not timely filed. The case was then returned to this court.

An appellate court cannot disregard a district court's factual findings absent clear error. A finding is "clearly erroneous" when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). However, in general, pro se litigants must be informed of their right to respond, warned that a failure to do so will waive rights, and given a reasonable opportunity to submit evidence. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (summary judgment); Wright v. Collins, 766 F.2d 841, 846-47 (4th Cir. 1985) (objections to magistrate judge's recommendation).

The record clearly shows that Brown mailed two pieces of legal mail on March 2, 1998, one to this court and one to the district court. Not coincidentally, both of Brown's notices of appeal were marked "legal mail" and postmarked March 2. The Mailroom Supervisor avers that mail logged on March 2 could not have been placed in the institutional mailbox before February 27. On the record, we find that the district court's factual finding that Brown did not file his notice of appeal on or before February 26 was not clearly erroneous.

However, Brown was informed neither of his right to respond to Defendants' evidence nor of the fact that the case would be dismissed solely on the basis of Defendants' affidavit. Nonetheless, we hold further remand would be inefficient. In subsequent correspondence to this court, Brown argues only that his notice of appeal should be considered filed on the date he gave the document to the prison notary. However, the record clearly shows that Brown's document is not notarized.

Further, Brown is not in a position to offer proof regarding the internal practices of the mailroom. While this disadvantage might place prisoners in the awkward position of having no way to prove the date of filing, Fed. R. App. P. 4(c)(1) addresses this problem and

3

provides that "[t]imely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Section 1746 requires a declaration to be subscribed under penalty of perjury and dated. See 28 U.S.C. § 1746 (1994). Brown's notice of appeal was not notarized, he did not include a declaration, and he did not state the date he deposited the notice in the prison mailbox or that first-class postage had been prepaid.**3**

Thus, because Brown's notice of appeal was deficient and because he has not indicated a proper basis to challenge Defendants' assertions below, we find that the failure to give notice of Brown's right to respond was harmless error.

Brown's failure to note a timely appeal or obtain either an extension or a reopening of the appeal period leaves this court without jurisdiction to consider the merits of Brown's appeal. We therefore dismiss the appeal as untimely. We grant Brown's motion to amend his informal brief and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

**3** Brown's notice of appeal does not include a certificate of service, but instead merely states his desire to appeal and is dated February 26, 1998.

4