**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 99-7370

CHARLES DORSEY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-93-228-L, CA-97-3455-L)

Submitted: May 31, 2000

Decided: June 27, 2000

Before MICHAEL, MOTZ, and KING, Circuit Judges.

_____

Vacated and remanded in part and dismissed in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Charles Dorsey, Appellant Pro Se. Thomas Michael DiBiagio,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Charles Dorsey seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2000). Prior to entry of its final judgment, the district court failed to provide Dorsey with notice under Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). This failure to provide notice may have prejudiced Dorsey's claim that his counsel's assistance was constitutionally deficient because counsel allegedly refused to negotiate a plea agreement. We therefore grant a certificate of appealability with respect to this claim. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). We vacate the judgment of the district court and remand for issuance of the required notice and further proceedings on this issue.[1] However, in all other respects, our review of the record reveals no reversible error. Accordingly, we deny a certificate of appealability as to Dorsey's other claims of ineffective assistance of counsel and dismiss the appeal on the reasoning of the district court. See United States v. Dorsey, Nos. CR-93-225-L; CA-97-3455-L (D. Md. Aug. 17, 1999).[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED IN PART,
DISMISSED IN PART
_____

[1] By this disposition, we indicate no view as to the merits of the district court's judgment. Following the proceedings upon remand, the district court possesses full authority to alter or re-enter its original judgment.
[2] Although the district court's judgment or order is dated August 13, 1999, and is marked as "filed" on August 16, 1999, the district court's records show that it was entered on the docket sheet on August 17, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).