UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RALPH EDWARD RHODES,
Plaintiff-Appellant,

v.

REUBEN PENA, Unit Manager;
WILLIAM FITZWATER, Correctional

No. 00-6468

Officer; GEORGE TRENT, Warden;
WILLIAM DAVIS, Commissioner,
West Virginia Department of
Corrections; PARIS DELANEY,
Correctional Officer,
Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CA-98-927-5)

Submitted: August 22, 2000

Decided: September 15, 2000

Before NIEMEYER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Ralph Edward Rhodes, Appellant Pro Se. John Thomas Molleur,
Charles R. Bailey, BAILEY & WYANT, P.L.L.C., Charleston, West
Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ralph Edward Rhodes appeals from the district court's adverse grant of summary judgment in his civil action filed pursuant to 42 U.S.C.A. § 1983 (West Supp. 2000). For the reasons set forth below, we vacate and remand for further proceedings.

A review of the record demonstrates that Defendants moved for summary judgment and submitted depositions, affidavits, and other materials in support of their motion. The district court granted summary judgment. However, the district court failed to provide Rhodes with the notice required by Roseboro v. Garrison , 528 F.2d 309, 310 (4th Cir. 1975), which prohibits the entry of summary judgment based on a pro se party's failure to submit affidavits supporting his allegations unless such party is given a reasonable opportunity to file counter-affidavits or other appropriate materials and is informed that failure to file such a response may result in dismissal of the action. See Roseboro, 528 F.2d at 310.

Rhodes did not submit any affidavits or other evidence in support of his claims or to stave off summary judgment. The district court granted the motion for summary judgment, in part, based on Rhodes' failure to produce such supporting evidence. On this record we cannot find that the district court's failure to provide Roseboro notice was harmless error. See Fed. R. Civ. P. 61; Fed. R. Civ. P. 56(e).

We therefore vacate the district court's order granting summary judgment for Defendants and remand this case to the district court with instructions to provide Rhodes with the notice and opportunity to respond to which he is entitled. The reason for remand is wholly procedural and has nothing to do with the merits of the case. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

VACATED AND REMANDED

2