UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CHRISTIAN WILLIAMS,
        *Plaintiff-Appellant,*

v.

CORPORATE EXPRESS DELIVERY
SYSTEMS; TODD BIXBY, Vice
President of Operations, Corporate
Express Delivery Systems; JIM
HOYLE, Manager of Operations,
Corporate Express Delivery
Systems; RUSSELL HESTER, Director
of North Carolina Operations,
        *Defendants-Appellees.*

No. 00-1492

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-99-248-5-H)

Submitted: September 26, 2000

Decided: February 6, 2001

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Christian Williams, Appellant Pro Se. Kimberly Quade Cacheris,
MCGUIRE WOODS, L.L.P., Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Christian Williams appeals from the district court's grant of summary judgment to his employer in his civil action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e (West Supp. 2000), in which he claimed race discrimination relative to his employment with Corporate Express Delivery Systems ("Corporate Express"). Our review of the record and the district court's opinion discloses that this appeal is without merit and we affirm the judgment of the district court.

Williams moved, and Corporate Express cross-moved, for summary judgment in this case. After thoroughly reviewing Williams' claims and the materials submitted by the parties, the district court granted summary judgment in favor of Corporate Express. While it appears that Williams was not provided with notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), we find, on this record, that such omission was harmless error. *See* Fed. R. Civ. P. 61; Fed. R. Civ. P. 56(e). As the district court concluded, Williams failed to establish a prima facie case of employment discrimination because, *inter alia*, he admitted that the hiring practices of Appellees were not discriminatory (and that he was not wrongfully discharged), and failed to establish any nexus between his race and the discriminatory practices in which he alleged Appellees engaged.

Williams also failed to establish a prima facie case of discriminatory retaliation, his sole remaining claim, because he did not show any causal connection between the protected activity and the adverse action. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 442-43 (4th Cir. 1998) (applying *McDonnell Douglas* scheme to retaliation claims). Williams asserts that Corporate Express retaliated against him for filing the instant lawsuit. However, the evidence reveals that

Appellees terminated Williams ten days *prior* to the filing of the lawsuit. Accordingly, we cannot say that the district court's finding of nondiscrimination was clearly erroneous. *See Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985).

   We therefore affirm substantially on the reasoning of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*