**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

JOHN ANDREW WRIGHT, JR.,
                 *Petitioner-Appellant,*

v.

PATRICK CONROY, Warden; ATTORNEY
GENERAL FOR THE STATE OF
MARYLAND,
                 *Respondents-Appellees.*

No. 02-6296

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, Senior District Judge.
(CA-01-1355-WMN)

Submitted: May 22, 2002

Decided: June 21, 2002

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

### COUNSEL

John Andrew Wright, Jr., Appellant Pro Se. John Joseph Curran, Jr., Attorney General, Mary Ann Rapp Ince, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

John Andrew Wright, Jr., appeals the district court's orders dismissing his petition for writ of habeas corpus under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2001), and denying his Fed. R. Civ. P. 59(e) motion for reconsideration. For the reasons set forth below, we grant a certificate of appealability, vacate the district court's orders, and remand for further proceedings.

A review of the record discloses that, in response to Wright's § 2254 petition, Appellees filed an Answer and seventeen exhibits. Appellees served a copy of its Answer on Wright as required by Fed. R. Civ. P. 5(a). However, the exhibits do not bear a certificate of service, and there is no evidence in the record that they were served on Wright. Wright, who was proceeding in forma pauperis, objected to the Appellees' failure to serve copies of these exhibits and moved for copies of the exhibits at the government's expense. Upon consideration of these pleadings and the Appellees' exhibits, the district court denied Wright's § 2254 motion. The court denied Wright's objection and motion for copies of the exhibits. The court further denied Wright's Rule 59(e) motion, in which he sought copies of the exhibits and an opportunity to respond to them, reasoning that Wright was not entitled to copies of transcripts at government expense and only two of the exhibits would have had any bearing on Wright's response.

We find that, because the district court considered evidence outside the pleadings, as evidenced by the court's citation of twelve of the exhibits in its opinion, Appellees' Answer was in fact a motion for summary judgment. See Fed. R. Civ. P. 12(b), 56. A motion for summary judgment may not be granted unless proper notice is provided under *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). *Roseboro* prohibits the entry of summary judgment based on a pro se party's failure to submit affidavits supporting his allegations unless

that party is given a reasonable opportunity to file counter-affidavits or other appropriate materials and is informed that failure to file such a response may result in dismissal of the action. *Id.* Wright was not afforded the opportunity to respond to the Appellees' motion with any affidavits in support of his ineffective assistance of counsel claims. The district court granted Appellees' motion, in part, based on Wright's failure to produce such supporting evidence. On this record, we cannot find that the district court's failure to provide *Roseboro* notice was harmless error. See Fed. R. Civ. P. 56(e), 61.

We therefore vacate the district court's order dismissing Wright's § 2254 petition and remand this case to the district court with instructions to provide Wright with the notice and opportunity to respond to which he is entitled. In addition, the district court should ensure that Wright is served with copies of all of the Appellees' exhibits so that he may consider those exhibits in preparing his response. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. The reason for remand is entirely procedural and is unrelated to the merits of the case.

*VACATED AND REMANDED*