**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-7517**

_____

HASSAN SHABAZZ, a/k/a R. Sydnor,

                                        Plaintiff - Appellant,

          and

ROBERT PARKER; C. FERGUSON; RICKY INGRAM; E.
HOLMES; G. SMALL; G. FLAMER; D. MCCLAIN;
DWAYNE REID; A. EBRON; A. WADDLER; M.
SANDRIDGE; C. HILLIARD; C. WILLIAMS; J.
CRUMITY; J. ORTEGA; S. RALPH; J. RONALD
JACKSON; ELTON LEE WILLIAMS; DAVID X. YOUNG;
JEROME A. WOOLFORK; KEVIN POTTS; MARK ELLIOTT;
PAUL W. MOREHEAD; BERNARD CRAWFORD,

                                        Plaintiffs,

          versus

VIRGINIA DEPARTMENT OF CORRECTIONS; GEORGE
ALLEN, III; JIM GILMORE, Former Governor of
Virginia; RON ANGELONE, Director, Virginia
Department of Corrections; GENE M. JOHNSON,
Deputy Director of Virginia Department of
Corrections; R. A. YOUNG, Regional Director,
Virginia Department of Corrections; S. K.
YOUNG, Warden, Wallens Ridge State Prison; MR.
HARVEY, Assistant Warden of Operations,
Wallens Ridge State Prison; MAJOR YATES, Chief
of Security at Wallens Ridge State Prison; C/O
LANE, Corporal, Gun Post and Floor Officer;
C/O ROBINSON, Corporal, Gun Post and Floor
Officer; C/O MEADE, Corporal, Gun Post and
Floor Officer; JOHN DOE, Corporal, Gun Post
and Floor Officer; C/O FLANARY, Corporal, Gun
Post and Floor Officer; WALLENS RIDGE MEDICAL
DEPARTMENT; WALLENS RIDGE STATE PRISON,
Psychiatric Department,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Jackson L. Kiser, Senior District Judge.  (CA-02-499-7)

Submitted:  February 11, 2005          Decided:  March 1, 2005

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Hassan Shabazz, Appellant Pro Se.  Mark Ralph Davis, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Hassan Shabazz, a state prisoner, appeals the district court's order dismissing his 42 U.S.C. § 1983 (2000) action without prejudice for failure to prosecute.

On March 13, 2002, Shabazz filed his § 1983 complaint in the district court alleging that officers at Wallens Ridge State Prison participated in unnecessary and inappropriate use of firepower inside the prison. On June 16, 2004, the Defendants filed a motion for summary judgment. Shabazz was given notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and allowed twenty days to file a response. The Roseboro notice was dated June 17, 2004; therefore, Shabazz had until July 7, 2004, to file a response. See Fed. R. Civ. P. 6(a).

On July 6, 2004, the Defendants filed a motion to dismiss. The district court provided Shabazz with Roseboro notice that same day and gave him twenty days to respond to the motion to dismiss.

The record reflects that Shabazz filed a response to both the Defendants' summary judgment motion and motion to dismiss. Shabazz dated his certificate of service attached to his response to the motion for summary judgment on July 5, 2004, which was a federal holiday. The district court stamped Shabazz's response as filed on July 9, 2004. By order dated July 13, 2004, the district court dismissed Shabazz's § 1983 action without prejudice for

failure to respond to the Defendants' motion for summary judgment within the allotted time period.

On appeal, Shabazz claims his response is timely under Houston v. Lack, 487 U.S. 266 (1988). Under Houston v. Lack, Shabazz's response is deemed filed as of the time he handed it to prison officials for mailing. Id. There is no evidence in the record of when Shabazz relayed his response to prison officials for mailing other than Shabazz's own certificate of service dated July 5, 2004. However, because Shabazz prepared his response on July 5, 2004, and the response was received in the district court for filing no later than July 9, 2004, it appears that Shabazz must have relayed his response to prison officials for mailing no later than the July 7, 2004 deadline. Accordingly, we vacate the district court's order and remand to the district court to consider Shabazz's response to the Defendant's summary judgment motion and motion to dismiss. We express no opinion as to the district court's ultimate disposition of Shabazz's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED