**Michael E. HODGE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 1:05CV707 (TSE/TRJ).**

United States District Court, E.D. Virginia, Alexandria Division.

Aug. 11, 2006.

---

Michael E. Hodge, Petersburg, VA, Pro se.

Brian E. Bentley, United States Attorney's Office, Alexandria, VA, for Defendant.

### MEMORANDUM OPINION

ELLIS, District Judge.

Plaintiff, Michael E. Hodge, a Virginia inmate proceeding *pro se*, filed this action pursuant to the Federal Tort Claims Act ("FTCA").[1] 28 U.S.C. §§ 1346(b)(1), 2671–2680. Hodge alleges that the United States of America is liable for injuries he sustained from a medical operation performed on his right foot while he was incarcerated at the Federal Correctional Institute, Petersburg Medium ("PEM"). Defendant filed a motion to dismiss for lack of subject matter jurisdiction. Pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975), Hodge was provided the opportunity to submit materials in response to the issues raised in defendant's Motion to Dismiss. The matter is now ripe for disposition on the current record. For the reasons that follow, the defendant's Motion to Dismiss must be granted.

### I.

Hodge, an inmate at PEM, sought medical treatment for foot pain from PEM's health services staff. On August 28, 2003, he was referred to Dr. Bhuller, an orthopedic specialist who provided medical services for the Bureau of Prisons ("BOP") on a contract basis. Dr. Bhuller informed Hodge that corrective surgery was the only option for treating Hodge's condition. Hodge asked Dr. Bhuller what would occur during the surgery, to which Dr. Bhuller responded that Hodge would be anesthetized and that during the surgery his "third toe would be broken and reset, and that some incisions would be made to straighten out his second toe to prevent it from overriding his third toe." Hodge

---

1. Plaintiff also alleged constitutional violations by several individual defendants, however, by Order dated July 11, 2005, those claims were dismissed for failure to state a claim. The individual defendants were dismissed as the surviving claims were brought pursuant to the FTCA, and there is no individual liability under the FTCA. *See Hodge v. United States of America,* Action No. 1:05cv707 (E.D.Va. July 11, 2005).

then consented to the surgery. Prior to the operation, Hodge underwent a physical examination in the prison health services unit at which time he asked no questions nor expressed any concerns about the surgery. On November 26, 2002, Dr. Bhuller performed the surgery, in which he removed ligaments and soft tissue and inserted screws into Hodge's foot bones. Hodge states that the surgery did not correct the problem.[2] During follow-up medical visits to the prison's health services unit, Hodge learned that he would not be able to bend the toes on his right foot again, that the pain could last up to a year, and that he would experience arthritis in his right foot. Additionally, he was informed that he was "lucky" because such operations were not usually approved by BOP. Relying on this new information, Hodge then complained to BOP authorities that he had not been fully informed about the nature of the procedure prior to surgery. BOP authorities explained to Hodge that Dr. Bhuller provided the pertinent information, in accordance with the community standard of care, and that had Hodge requested more detailed information, Dr. Bhuller would have provided it.

Hodge seeks a declaratory judgement holding that under state law (i) Dr. Bhuller's actions constitute negligent failure to disclose; (ii) Dr. Bhuller's actions amount to medical malpractice; and (iii) various actions of certain BOP employees constitute negligence under state law. In addition, he seeks pain medication, shoes to alleviate foot pain, and $251,523.46 in compensatory damages.

## II.

Hodge sues under the Federal Tort Claims Act, assuming that the United States has waived its sovereign immunity. Defendant, in turn, responds that it has not waived its sovereign immunity and therefore, Hodge's claims should be dismissed for lack of subject matter jurisdiction. To that end, defendant has moved to dismiss Hodge's claim pursuant to Rule 12(b)(1). Thus, the threshold issue of jurisdiction must be resolved at this time.

■ The FTCA provides a limited waiver of the United States' sovereign immunity. Specifically, the United States may be sued based on the "negligent or wrongful act or omission of any employee" of the United States "acting within the scope of employment." *See* 28 U.S.C. §§ 1346(b)(1), 2671–2680; *Wood v. Standard Products Co.,* 671 F.2d 825, 829 (4th Cir.1982). This limited waiver provision does not, however, extend to the acts or omissions of independent contractors. *Logue v. United States,* 412 U.S. 521, 526–530, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973); *Williams v. United States,* 50 F.3d 299, 305–06 (4th Cir.1995). Moreover, the FTCA provides an exception to this limited waiver provision for employees performing discretionary functions. 28 U.S.C. § 2680(a).

The Fourth Circuit has held that where an exception to the FTCA's waiver of immunity precludes liability, the proper practice is dismissal for want of jurisdiction pursuant to Rule 12(b)(1). *Williams,* 50 F.3d at 304. And, in determining whether an exception to the FTCA applies, thus warranting dismissal under Rule 12(b)(1), it is appropriate to consider evidence beyond the scope of the pleadings to ensure that jurisdiction is not proper. *Id.*

## III.

Hodge alleges that Dr. Bhuller (i) failed fully to inform him of the risks of surgery and (ii) negligently performed unnecessary

---

**2.** On December 13, 2004, Hodge underwent a second surgery performed on his right foot, apparently meant to correct problems resulting from the initial surgery.

surgery, thereby injuring his foot. Hodge claims that defendant is liable for Dr. Bhuller's alleged negligence because Dr. Bhuller was an employee of the United States at the time of the surgery, and, as such the FTCA permits his claims to proceed against the defendant. Furthermore, he alleges that the United States is also liable for his injury because BOP employees failed to supervise Dr. Bhuller.

■ As discussed above, the FTCA provides a limited waiver of the United States' sovereign immunity for the negligent or wrongful acts or omissions of any employee of the United States acting within the scope of employment. 28 U.S.C. § 1346(g); *Wood*, 671 F.2d at 829. An "employee of the [g]overnment," as the term is used in the FTCA, is an "officer[ ] or employee[ ]" of a federal agency. 28 U.S.C. § 2671. As defined by the FTCA, the term federal agency does not include "any contractor with the United States." *Id.; see also Berkman v. United States*, 957 F.2d 108, 111 (4th Cir.1992). Thus, the Supreme Court has determined that the deliberate exclusion of contractors means that the United States is not liable for the negligent or wrongful conduct of employees of a contractor with the government, who are not subject to governmental supervision; that is, an independent contractor. *Logue v. United States*, 412 U.S. 521, 526–532, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973); *Williams v. United States*, 50 F.3d 299, 305–06 (4th Cir.1995). It follows then that the FTCA's limited waiver of sovereign immunity does not apply to claims arising from the negligent or wrongful conduct of independent contractors; and such claims against the United States are subject to dismissal for lack of jurisdiction. *Id.*

■ It is undisputed that Dr. Bhuller is an independent contractor. In fact, Hodge's complaint relies on Dr. Bhuller's status as an independent contractor to ar-

gue that BOP employees did not review or supervise Dr. Bhuller's exercise of medical judgment. While this is true—the record reflects that BOP employees did not supervise Dr. Bhuller's performance of medical exams and surgeries—this hurts, rather than helps Hodge, because it compels the conclusion that the United States is immune from liability for any negligent acts or omissions of Dr. Bhuller. *See Williams*, 50 F.3d at 306 (stating that "independent contractors [are] not servants or agents of the United States if the United States lack[s] authority 'to control the detailed physical performance of the contractor' ") (*quoting Logue*, 412 U.S. at 528, 93 S.Ct. 2215).

■ Hodge also claims that certain BOP employees negligently supervised Dr. Bhuller. Here again, Hodge's claim fails because a negligent supervision claim that "depends on" activity for which the United States is immune from suit is not actionable under the FTCA. *Perkins v. United States*, 55 F.3d 910, 916 (4th Cir.1995) (*citing Thigpen v. United States*, 800 F.2d 393, 395 (4th Cir.1986)). Thus, if the United States is immune from liability for the alleged negligence of an individual actor, it follows that the United States is immune from claims of negligent supervision of that actor. Because Dr. Bhuller is an independent contractor, the United States is immune from liability for his allegedly negligent acts and omissions. Therefore, it follows that the United States is also immune from liability for BOP employees' allegedly negligent supervision of Dr. Bhuller.

Finally, Hodge alleges that certain BOP employees negligently contributed to his injury by failing to provide adequate medical care. Specifically, Hodge alleges that government employees allowed Hodge to undergo unnecessary surgery and did not ensure that Hodge was fully informed

about the recommended surgery and any alternative treatments. Also, he alleges that BOP's policy of not ensuring contract physicians fully inform inmates about the recommended surgery, and any alternative treatments, interfered with the medical care Hodge received.

Although the United States has waived its sovereign immunity with respect to certain torts committed by government employees acting within the scope of their employment, 28 U.S.C. § 1346(b), it retains immunity from claims arising from government employees performing discretionary functions, 28 U.S.C. § 2680(a). The discretionary function exception exists to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy. *United States v. Varig Airlines,* 467 U.S. 797, 814, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). As such, it has been interpreted broadly to include claims based on the acts or omissions of government employees performing, or failing to perform, a discretionary function or duty, meaning "day-to-day operational decisions" as well as policy-making decisions. *Smith v. WMATA,* 290 F.3d 201, 208 (4th Cir. 2002). In keeping with its breadth, it applies even where the government employee has abused her or his discretion. *Id.* at 210.

■ Therefore, as an initial matter it is necessary to determine whether BOP employees were performing a discretionary function when they decided to have Dr. Bhuller care for Hodge's foot condition. A governmental decision is within the discretionary function exception if it is (1) discretionary in nature and (2) based on considerations of public policy. *United States v. Gaubert,* 499 U.S. 315, 324, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). Prong one is satisfied if the decision is not mandated by statute or regulation. *See Berkovitz v. United States,* 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). Because no statute or regulation requires or forbids the United States from contracting with physicians to provide medical care for prison inmates, prong one is easily satisfied. Prong two is satisfied if the questioned decision involves public policy; that is, if the employee's decision advances the purposes of a regulatory scheme. *Williams,* 50 F.3d at 309. The Fourth Circuit has previously held that the decision to contract for services is policy-based and therefore amounts to a discretionary function. *Id.* at 310 ("The decision to hire an independent contractor to perform services is precisely the type of decision that the [discretionary function] exception is designed to shield from liability.").

The BOP decision to contract with Dr. Bhuller, a non-employee physician, for certain medical services, including diagnosis, treatment, and follow-up care, required it to consider costs and efficiencies and choose between medical providers. This choice involved the same type of policy-based, and therefore discretionary, decisions addressed in *Williams.* Like in *Williams,* the choice to contract with an outside physician required the BOP to balance the needs of the government against the expense of engaging in such services. *See Williams,* 50 F.3d at 309. Likewise, it had to consider other factors, such as administration, payment, and access to the prison, all of which involve judgment based on policy. *See id.* These interconnected decisions clearly fall under the discretionary function exception.

Finally, Hodge alleges that BOP employees did not independently determine whether surgery was necessary and whether Dr. Bhuller had fully informed Hodge about the recommended surgery, its possible consequences, and the availability of any alternative treatments. Furthermore, he alleges that BOP policy did

not require the physicians it hired to follow-up with inmates they treated to ensure that the inmates were fully informed and fully understood any recommended medical treatments. By their terms, these allegations depend on judgments or choices made by BOP. Once prison officials decided to contract with Dr. Bhuller to provide care for *all* aspects of foot-related ailments, the decision not to require that BOP employees independently review the care provided by Dr. Bhuller was incorporated into its initial decision to hire an independent contractor. Similarly, the decision not to require contract physicians to follow-up with inmates to ensure that the inmates were fully informed and fully understood a particular diagnosis or treatment involved discretionary decisionmaking and was incorporated into the initial decision to contract for the provision of all foot-related medical services. In sum, the acts or omissions of BOP employees in connection with Dr. Bhuller's provision of medical services were inseparable from the initial BOP decision to have an independent contractor provide all foot-related medical services and fall within the discretionary function exception. Because the United States is immune from claims for injuries arising from the acts or omissions of government employees performing discretionary functions, it is likewise immune from suit for actions incorporated into or embraced by the discretionary decision to hire an independent contractor. *Williams,* 50 F.3d at 309 (finding no liability for decisions "embraced by the overarching decision to contract with [the independent contractor]").

It is clear from the record that the United States is immune from liability because (i) Hodge's claims based on Dr. Bhuller's actions are barred by defendant's sovereign immunity and (ii) Hodge's claims

based on BOP's supervision of Dr. Bhuller are barred by the discretionary function exception to the FTCA's limited waiver of immunity. Therefore, this complaint must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### IV.

For the reasons stated above, defendant's Motion to Dismiss must be granted.[3] An appropriate Order shall issue.

---

**3.** Nothing in this Order is intended to address or preclude Hodge from pursuing any state medical malpractice claim he may have against any defendant.