**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-1063**

———————————

BILLY G. ASEMANI,

              Plaintiff - Appellant,

       v.

UNITED STATES OF AMERICA,

              Defendant - Appellee.

———————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Andre M. Davis, District Judge.  (1:05-cv-
02821-AMD)

———————————

Submitted:  June 26, 2008          Decided:  June 30, 2008

———————————

Before KING and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit
Judge.

———————————

Remanded by unpublished per curiam opinion.

———————————

Billy G. Asemani, Appellant Pro Se.  Ariana Wright Arnold, Melanie
Lisa Glickson, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Asemani seeks to appeal the district court's order granting the Government's motion for summary judgment in this Federal Tort Claims Act action. After the district court granted the Government's motion for summary judgment, Asemani filed a timely notice of appeal. He then directed correspondence to the district court contending that the court entered its order three days before Asemani's response to the Government was due pursuant to the court's notice under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The district court construed Asemani's correspondence as a motion pursuant to Fed. R. Civ. P. 60(b)(1) and issued an order indicating its inclination to grant Asemani's post-judgment motion. See Fobian v. Storage Tech. Corp., 164 F.3d 887, 891 (4th Cir. 1999). Accordingly, we remand for the limited purpose of permitting the district court to consider the merits of Asemani's response to the Government's motion for summary judgment. See id. at 892. In so doing, we express no opinion on the merits of Asemani's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED