**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-1063**

———————————

BILLY G. ASEMANI,

                    Plaintiff - Appellant,

          v.

UNITED STATES OF AMERICA,

                    Defendant - Appellee.

———————————

**No. 08-8005**

———————————

BILLY G. ASEMANI,

                    Plaintiff - Appellant,

          v.

UNITED STATES OF AMERICA,

                    Defendant - Appellee.

———————————

Appeals from the United States District Court for the District
of Maryland, at Baltimore.  Andre M. Davis, District Judge.
(1:05-cv-02821-AMD)

———————————

Submitted:  March 20, 2009          Decided:  April 24, 2009

———————————

Before KING, DUNCAN, and AGEE, Circuit Judges.

———————————

No. 08-1063 dismissed; No. 08-8005 affirmed by unpublished per curiam opinion.

---

Billy G. Asemani, Appellant Pro Se.  Ariana Wright Arnold, Assistant United States Attorney, Melanie Lisa Glickson, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

These consolidated appeals arise from an action filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671-2680 (2006), by Billy G. Asemani, a former federal detainee presently incarcerated in a Maryland state prison. Asemani's action sought damages for injuries allegedly sustained while he was being detained by the Department of Homeland Security.

After the Government filed a motion for summary judgment, the district court issued a notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Asemani that he had seventeen days from the date of the notice to file any written opposition. Prior to expiration of the seventeen-day period, the district court issued a memorandum opinion and order granting the Government's motion for summary judgment. In Appeal No. 08-1063, Asemani challenged the court's failure to afford him the full time allotted to respond to the Government's summary judgment motion. He also raised this issue in a Fed. R. Civ. P. 60(b) motion in the district court. When that court entered an order reflecting its inclination to grant the Rule 60(b) motion, we remanded for the limited purpose of permitting the district court to consider Asemani's responsive pleading. Asemani v. United States, 283 F. App'x 160 (4th Cir. 2008) (No. 08-1063).

3

On remand, the district court entered an order granting Asemani thirty days to file a response. Asemani received a thirty-day extension of this time period, at the conclusion of which he moved to place his case in abeyance pending action in an unrelated case. Alternatively, he moved for another extension of time to file a response. The district court denied the motion for abeyance and for an extension of time and ordered the case closed. Asemani timely appealed. This appeal from the district court's final order was assigned No. 08-8005, and was consolidated with Asemani's earlier appeal, No. 08-1063, now back from remand.

In Appeal No. 08-1063, Asemani's sole argument on appeal is that the district court erred in entering its original judgment three days before his response deadline. Our remand of the appeal and the district court's order allowing Asemani time to file a responsive pleading render this appeal moot. The fact that Asemani failed on remand to file a responsive pleading does not alter this result.

In Appeal No. 08-8005, Asemani raises a single issue: whether the lower court abused its discretion by dismissing his case at the same time it denied his motion for an extension of time. He requests that we again remand the case to the district court, directing the court to allow him to file a response. Alternatively, he requests leave to appeal the order dismissing

4

his complaint. However, because Asemani asserts no specific challenges to the order granting summary judgment, he has abandoned any challenge to the substance of the order. Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

To the extent that Asemani challenges the district court's action ordering the case closed, our remand was for the limited purpose of allowing the district court to consider Asemani's response to the Government's motion for summary judgment. As Asemani failed to file a response, nothing remained for the court to consider, and its action closing the case was proper.

To the extent that Asemani challenges the propriety of the district court's denial of a further extension of time, we review such denials for abuse of discretion. See Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003). Because Asemani failed to allege any reason warranting yet another extension of time, the district court did not abuse its discretion in denying the motion.

Accordingly, we dismiss as moot Appeal No. 08-1063, and affirm the judgment of the district court in Appeal No. 08-8005. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

No. 08-1063 DISMISSED
No. 08-8005 AFFIRMED