**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-7489**

_____

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

       v.

LUIS TEJEDA-RAMIREZ,

                  Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior
District Judge.  (6:06-cr-00393-HMH-1)

_____

Submitted:  April 21, 2011        Decided:  June 28, 2011

_____

Before MOTZ, KING, and DAVIS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Luis Tejeda-Ramirez, Appellant Pro Se.  Alan Lance Crick,
Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Tejeda-Ramirez appeals a district court order finding that his appellate counsel timely informed him of his right to file a petition for writ of certiorari. Because Tejeda-Ramirez was not given an opportunity to respond to appellate counsel's affidavit, we vacate the court's order and remand.

In United States v. Tejeda-Ramirez, No. 10-6188, 2010 WL 2182187 (4th Cir. June 2, 2010) (unpublished), we granted a certificate of appealability on the issue of whether Tejeda-Ramirez's appellate counsel failed to timely inform him in writing of his right to file a petition for writ of certiorari after receiving an adverse decision from this court. We vacated the district court's order in part, and remanded for the purpose of having the court make factual findings regarding this issue.[*]

On remand, the district court directed the Government to submit an affidavit by Tejeda-Ramirez's appellate counsel responding to the issue of whether he failed to timely inform Tejeda-Ramirez of his right to file a petition for writ of certiorari. On August 25, 2010, the Government filed a response. Attached to the response was counsel's affidavit and

_____

[*] We denied a certificate of appealability as to the remaining issues.

2

copies of two letters addressed to Tejeda-Ramirez from counsel. The first letter was dated December 20, 2007, and the second was dated January 18, 2008. Both letters were addressed to Tejeda-Ramirez at the FCI in Yazoo City, Mississippi.

In the letter dated January 18, 2008, counsel informed Tejeda-Ramirez that he must advise counsel in writing of his desire to petition the United States Supreme Court for a writ of certiorari. The letter further informed Tejeda-Ramirez that he must also indicate the grounds for seeking review. Counsel further indicated that if he agreed that the grounds were valid, he had an obligation to prepare such a petition and that if he did not agree, he would file a motion in this court to withdraw. Counsel also indicated that the petition must be filed prior to March 1, 2008.

By order entered August 27, 2010, or two days after the Government filed its response, the district court noted that the Government submitted counsel's affidavit and copies of the two letters timely informing Tejeda-Ramirez of his right to file a petition for writ of certiorari. Based on the letters, the court found that counsel fulfilled his duties under the CJA and that he was not ineffective in this regard. Given the short period of time between the Government's filing and the court's order, Tejeda-Ramirez did not file a response to counsel's affidavit.

In a similar situation, when a party moves for summary judgment against a pro se party, this court requires that the pro se party be given notice of the opportunity to file a counter-affidavit or other appropriate materials and is informed that failure to file such materials could result in dismissal. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). We conclude that in this instance, Tejeda-Ramirez should have been given an opportunity to respond to appellate counsel's affidavit. Accordingly, we vacate the district court's order and remand. On remand, the district court should give Tejeda-Ramirez notice that he may file an affidavit or other appropriate materials and that the failure to file such a response could result in dismissal of the action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>